## LAWRENCE v. THE STATE.

COBB, J. The request to charge which was refused was covered by the general charge. The charge°of the judge not in any way referring to the rule that the recent possession of stolen property raises a presumption of guilt against the possessor, it was not error to fail to charge in reference to the manner in which such presumption might be rebutted, especially when there was no appropriate written request calling for an instruction on the subject. The evidence authorized the verdict, and there was no error requiring the granting of a new trial.

*Judgment affirmed.    All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*

Argued October 15, — Decided October 31, 1900.

Indictment for simple larceny.    Before Judge Felton.    Bibb superior court.    June 28, 1900.

*M. Felton Hatcher,* for plaintiff in error.
*Robert Hodges, solicitor-general,* contra.

---

## MOULTRIE v. THE STATE.

COBB, J. 1. The provisions of section 73 of the Penal Code should not be given in a charge in the trial of a murder case, when there is nothing in the evidence or the statement of the accused from which a jury could find that there was a mutual combat between the deceased and the accused. *Mell* v. *State,* and cases cited, ante, 78.

2. There was in the present case neither direct evidence nor the proof of any circumstances, nor anything in the statement of the accused, from which a jury would be authorized to find there was a mutual combat between the deceased and the accused.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*

Submitted October 16, — Decided October 31, 1900.

Indictment for murder.    Before Judge Falligant.    Chatham superior court.    July 9, 1900.

*Twiggs & Oliver,* for plaintiff in error.    *J. M. Terrell, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.