## PUGH *v.* THE STATE.

1. The law embraced in section 73 of the Penal Code does not qualify or limit the law of justifiable homicide as contained in sections 70 and 71. While the law embodied in sections 70 and 71, as well as that embodied in section 73, may both be properly given in the same case, the provisions of the different sections should not be charged in such a way as to leave the impression upon the jury that they are both applicable to the same state of facts.

2. The law with reference to voluntary manslaughter is not applicable to the facts disclosed by the record, and it was therefore error to give the same in

charge, and to fail to set aside a verdict finding the defendant guilty of that offense.

Argued October 8,—Decided November 5, 1901.

Indictment for murder.　Before Judge Holden.　Hart superior court.　March term, 1901.

*A. G. & J. B. McCurry*, for plaintiff in error.
*D. W. Meadow, solicitor-general*, contra.

LEWIS, J.　John Pugh was indicted and tried for the murder of Gus Prather.　The evidence was very conflicting.　That for the State tended to show a case of deliberate murder preceded by threats that the defendant would take the life of the deceased when they met, and an effort to seek out the deceased for the purpose of killing him.　That for the defendant was to the effect that the deceased fired two shots at the defendant before the defendant drew his weapon, and that it was necessary for the defendant to kill the deceased in order to save his own life.　The jury returned a verdict finding the defendant guilty of voluntary manslaughter.　The defendant moved for a new trial on various grounds, the important ones of which will be taken up in due order.　The court below overruled the motion, and the defendant excepted.

1. Complaint is made in the motion that the court erred in the following charge: "A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing.　It must appear that the circumstances were such as to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge.　If a person kill another in his defense, it must appear that at the time of the killing the danger was so urgent and pressing that in order to save his own life the killing of the other was absolutely necessary.　It must appear also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."　The language quoted is that embraced in sections 71 and 73 of the Penal Code, and it is objected that this charge deprived the defendant of the right to rely upon justification of the killing under the fears of a reasonable man and not in a spirit of revenge, and placed his defense solely upon the ground that the killing was necessary to prevent the

commission of a felony. The precise question here made was decided by this court in the case of *Teasley* v. *State*, 104 *Ga.* 738, where a charge almost identical in phraseology with the one heretofore quoted in this opinion was given by the trial court and objected to by the plaintiff in error. It is also to be noted that the facts of the case cited are very similar to those of the case at bar, and that the assignment of error in each case is the same. The principle ruled in that case is therefore directly applicable to the case under consideration. The language of the headnote, which has been partially followed in the first headnote of the present case, is as follows: " The law embraced in section 73 of the Penal Code does not qualify or limit the law of justifiable homicide as laid down in sections 70 and 71 of that code. The section first mentioned applies exclusively to cases of self-defense from danger to life arising during the progress of a fight wherein both parties had been at fault. The other two sections are applicable when the homicide is committed in good faith to prevent the perpetration of any of the offenses mentioned in section 70, or under the fears of a reasonable man that such an offense will be perpetrated unless the person who is actually, or apparently, about to commit it, be slain. Instructions as to these two separate branches of the law of justifiable homicide should not be so given as to confuse the one with the other." We do not see that anything could be added to the language quoted, which clearly states the law on this subject, and which demonstrates that the court below erred in the charge to which exception is made. See, in this connection, *Powell* v. *State*, 101 *Ga.* 11 (6); *Dover* v. *State*, 109 *Ga.* 486 (5); *Ragland* v. *State*, 111 *Ga.* 217; *Mell* v. *State*, 112 *Ga.* 78; *Moultrie* v. *State*, 112 *Ga.* 121.

2. The record before us discloses two distinct and widely different theories. That of the State, supported by the evidence of several witnesses, was that the defendant had an old grudge against the deceased, sought him out, and deliberately murdered him; that on the day before the killing he made frequent inquiries for the deceased, announcing his intention of killing him when they should meet, and declaring that he would " carry Gus's name home on his pistol-barrel," and that in furtherance of this intention he picked a quarrel with the deceased when they met, and shot him down. On the other hand, witnesses for the defendant swore that the quarrel

which immediately preceded the homicide was provoked by the deceased; that the deceased drew a pistol and fired twice at the defendant before the latter began firing, and that the killing was absolutely necessary to save the defendant's life. In the first view of the case, the defendant was guilty of murder; in the second, the homicide was entirely justifiable and the accused was entitled to an acquittal. In no view which can be taken of the evidence did voluntary manslaughter enter into the case. There is in the defense of the accused no suggestion of the sudden heat of passion supposed to be irresistible, which is an element of manslaughter. Two hypotheses, and only two, are admissible. The defendant is either guilty of murder or he is guilty of nothing at all. It was therefore error for the judge to give in charge to the jury the law relating to voluntary manslaughter, and the defendant having been convicted of that offense, his exception to that portion of the charge of the court is well taken and will be sustained. *Robinson* v. *State*, 109 *Ga.* 506.

*Judgment reversed. All the Justices concurring.*