## SMITH *v.* THE STATE.

1. When the bill of exceptions recites that the court passed an order overruling the motion for a new trial, it is not necessary that such order should be specified as a part of the record to be transmitted.

2. An express approval of the grounds of an amendment to a motion for a new trial affords a presumption that the amendment was allowed.

3. The law as embodied in the Penal Code, §§ 70, 71, and the law requiring that to justify the killing the danger must be urgent and pressing at the time, as embodied in the Penal Code, § 73, may both be appropriately given in the same case, provided they are not confused or made applicable to the same theory or state of facts. In the present case the charge complained of was of such a character as to confuse the different branches of the law of homicide, and the error thus committed required the granting of a new trial.

4. In the trial of one charged with assault with intent to murder, it was error to charge the jury that, if they believed that had the party died it would have been murder, they would be authorized, and it would be their duty, to find the accused guilty of the offense charged.

Submitted February 15, — Decided March 3, 1904.

Indictment for assault with intent to murder.    Before Judge Mitchell.    Berrien superior court.    December 21, 1903.

*Hendricks & Harrison,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.

COBB, J.   The accused was convicted of assault with intent to murder, and he assigns error upon the refusal of the judge to grant him a new trial.

1. The bill of exceptions recites that an order was passed overruling the motion for a new trial. This order was not specified as a part of the record to be transmitted, and the solicitor-general contends that this court should not consider the motion for a new trial, because it does not appear from the record that the judge has ever passed upon the motion.   We think the recital in the bill of exceptions, that an order was passed overruling the motion, is sufficient to authorize this court to assume that the motion has been overruled and a proper order passed to that effect.

2. There appears in the record an amendment to the motion for a new trial, upon which there is an entry signed by the judge, in which it is stated that the recitals of fact contained in the grounds of the amended motion are " approved as true."   The record does not disclose any order which in terms allowed the amendment.   It has often been held that an order which simply " allowed " an amendment to a motion for a new trial did not have the effect of verifying the grounds of such an amendment. It is now contended that, under the principle of these decisions, an order approving or verifying the grounds of an amendment is not in effect an allowance of the amendment.   We can not concur in this view.   We can understand how an unverified amendment to a motion for a new trial may be allowed, but we think that when the grounds of an amendment to a motion for a new trial appear to have been approved by the judge, a presumption arises that the amendment has been allowed, and this presumption remains until it appears that by an order duly passed the amendment was in fact disallowed.

3. The proposition stated in the first sentence of the third headnote is so well settled that it is unnecessary to do more than cite one of the more recent cases recognizing this ruling.   See *Jordan* v. *State*, 117 *Ga.* 405, and cit.   We think the charge complained of in the present case was subject to the criticism that it confused the principles stated in the sections of the code referred to, in such a way as to prejudice the rights of the accused, and that the court erred in refusing to grant a new trial upon this ground.

4. In reference to the proposition stated in the fourth headnote, see *Gallery* v. *State*, 92 *Ga.* 463, and cit.

The foregoing deals with all of the assignments of error that require special notice. If there were any other errors or inaccuracies in the charge, the judge will no doubt correct the same on another trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*