## PRYER *v.* THE STATE.

1. While, in a proper case, on a trial of one indicted for murder, sections 70, 71, and 73 of the Penal Code may all three be given in charge, yet instructions as to the separate branches of the law of justifiable homicide should not be so given as to confuse the different defenses which may arise under those sections, and apparently to limit, by the terms of section 73, the defenses provided by sections 70 and 71. *Warrick* v. *State,* 125 *Ga.* 133, 141, and citations.

2. Where the court give in charge to the jury substantially sections 70 and 71 of the Penal Code, and then added, "A plea of self-defense involving the doctrine of reasonable fears proceeds upon the idea of defense in good faith against impending danger, either real or apparent. If the person killing acted in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear also that the person killed was his assailant, and that the slayer had really declined to enter any further struggle before the mortal blow was given," this was calculated, without further explanation, to confuse the defenses provided by these three sections. Nor was this cured by the fact that in a later part of the charge the judge again referred to the existence of a real or apparent danger and acting in good faith in shooting in one's own defense, as a justification, upon a supposed set of facts then stated by him, the additional charge not being such as to correct or explain the former confusion of defenses.

3. A charge which, in effect, instructed the jury that the defendant could not create an emergency which rendered it necessary for another to defend himself, and then take advantage of the effort of such other person to do so, was not erroneous.

4. A caution of the judge to the jury to watch the evidence carefully, to think of it in the light of the various theories and contentions presented to them, to be sure that they arrived at the truth, and to apply the law which the judge gave them in charge, furnished no ground for a new trial.

5. There was no error in charging that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder."

6. The evidence authorized the charge on the subject of manslaughter.

Argued February 18,—Decided April 10, 1907.

Indictment for murder. Before Judge Seabrook. Effingham superior court. December 29, 1906.

*H. B. Strange,* for plaintiff in error.

*John C. Hart, attorney-general, N. J. Norman, solicitor-general,* and *Livingston Kenan,* contra.

LUMPKIN, J. Pryer was indicted for murder and found guilty, with a recommendation that he be imprisoned for life. He moved for a new trial. The motion was overruled, and he excepted. None of the grounds of the motion for a new trial present any reason for a reversal except that which complains of the charge confusing the doctrines of justifiable homicide, reasonable fears, and self-defense from danger to life arising during the progress of a fight or mutual combat wherein both parties have been at fault. In immediate connection with charges in relation to the first two defenses just referred to (Penal Code, §§170 and 71), the presiding judge gave in charge the third defense (Penal Code, §73) in such manner as apparently to qualify or limit the defenses set up in the preceding charges, and without any explanation or statement to indicate that this last section referred to a different character of defense, or self-defense arising under other circumstances, and was not a mere limitation upon the defenses already referred to. While in a later part of the charge the judge stated, as a supposition, the existence or happening of certain facts, and referred to real or apparent danger of an urgent and pressing character as a defense, a careful examination of the whole charge fails to satisfy us that he corrected the confusion of defenses contained in the charge above considered, or made clear to the jury the different defenses, or the difference in circumstances under which section 73 of the Penal Code applies. The charge set out in the second headnote apparently limited the doctrine of reasonable fears, so as to restrict

it to the necessity for killing "in order to save his own life," and to exclude this defense as to other offenses set out in section 70. We would suggest that it would avoid much confusion if, where it is proper to give in charge section 73 of the Penal Code, the presiding judge would give the jury some instruction as to cases in which it is applicable, instead of simply charging it immediately after sections 70 and 71, without any explanation.

*Judgment reversed. Fish, C. J. absent. The other Justices concur.*