## 3031.  ALEXANDER v. THE STATE.

HILL, C. J.  1. Where the accused was on trial for murder, and' the evidence for the State would have authorized a verdict either for murder or for voluntary manslaughter, and the evidence for the accused and his statement to the jury would have authorized an acquittal on the ground of self-defense, it was the duty of the court to give to the jury a pertinent instruction, requested in writing, adjusted to the particular facts relied upon to show that the homicide was justifiable because committed in self-defense.  The abstract statement of the general principle of law applicable to the facts is not sufficient to clearly instruct and guide the jury, or to insure to the accused the full benefit of his defense.  To accomplish these essentials of a full and fair trial the court should make a concrete application of the law to the particular facts in evidence relied upon as a defense.  *Stribling* v. *State*, 6 *Ga. App.* 864 (65 S. E. 1068) ; *Roberts* v. *State*, 114 *Ga.* 450 (40 S. E. 297).

2  Where the accused was on trial for murder and there was evidence in his behalf that the decedent had shortly before the homicide made threats to kill him, or to feloniously assault him, the following written instructions, timely requested, should have been given to the jury: "Although mere threats are insufficient to justify a killing as in self-defense, if the jury believe that prior to the homicide deceased made threats of a violent nature against the defendant, and the evidence leaves the jury in doubt as to what the acts of the deceased were at the time of the homicide, or as to what defendant might properly have apprehended in respect to the intentions of the deceased, the jury are entitled to consider the threats in connection with the other evidence, in determining who was probably the aggressor, and in determining what apprehensions might reasonably arise in the mind of the defendant from the conduct of the deceased."  *Keener* v. *State*, 18 *Ga.* 194 (63 Am. D. 269) ; *Mize* v. *State*, 36 Ark. 661.

3. The court did not err in refusing to permit the accused to introduce in evidence the record of the former conviction of the decedent for the offense of voluntary manslaughter.  While the rule is well settled that an accused on trial for murder can in some cases introduce proof that the decedent was a person of violent character, the evidence to establish such character must be confined to general reputation, and specific acts of violence can not be shown.  *Keener* v. *State*, supra; *Pound* v. *State*, 43 *Ga.* 128; *Thornton* v. *State*, 107 *Ga.* 687 (33 S. E. 673).

*Judgment reversed.*

POWELL, J., dissenting.  I dissent from the judgment, as I am of the opinion that the general charge covered the requests in substance and almost in literal detail, and covered them most fairly to the accused.

DECIDED JANUARY 17, 1911.

Conviction of manslaughter; from Jasper superior court—Judge Lewis.  October 25, 1910.

*Greene F. Johnson,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.