## FRANKLIN *v.* THE STATE.

In a proper case, on a trial of one indicted for murder, sections 70, 71, and 73 of the Penal Code may all be given in charge; but instructions as to the separate branches of the law of justifiable homicide should not be so given as to confuse the different defenses which may arise under those sections. In the present case the three code sections referred to were given, and were involved, so as to make it proper that they should be charged; but the court did not give the jury appropriate instructions as to the cases in which the provisions of section 73 were applicable, so as to prevent confusion in their minds of the provisions of section 73 and those of section 71.

OCTOBER 20, 1916.

Indictment for murder. Before Judge Kent. Laurens superior court. May 29, 1916.

Albert Franklin was indicted for the murder of G. S. Sowells. Upon the trial the jury returned a verdict of guilty, with a recommendation. The evidence for the State shows a case of unpro-

voked murder; but the evidence introduced by the defendant tended to show that the accused and the decedent had an altercation at a ball-game; that threats were there made against the defendant by the decedent; that subsequently the accused procured a gun and approached a group of men, of which the decedent was a member, and inquired if Sowells was in the crowd; that Sowells jumped from behind the crowd and inquired, after cursing the defendant, "What do you want?" whereupon the defendant said, "I just want to make up that little trouble between us," and about that time Sowells began to snap a pistol, and some one went to shooting and shot the defendant's hat off; and that the defendant then turned around and fired twice, one of the shots being fatal. The defendant made a motion for a new trial, which was overruled, and he excepted.

*T. E. Hightower* and *W. A. Dampier,* for plaintiff in error.

*Clifford Walker,* attorney-general, *E. L. Stephens,* solicitor-general, and *Mark Bolding,* contra.

BECK, J. (After stating the foregoing facts.) The theory of mutual combat was involved in this case. The jury might have found from the evidence that the defendant, when he approached the group of men where the decedent was, was seeking an encounter with the decedent. According to his statement made at the trial and the testimony of one of his witnesses, the intention of the accused was entirely pacific. But the jury might well have believed the contrary. They might also have believed, if they accepted as true the testimony of one of the witnesses introduced by the defendant, that the decedent was endeavoring to shoot the accused. The judge charged the jury § 70 of the Penal Code, which defines the expression "justifiable homicide," and followed this with the charge upon the subject of voluntary manslaughter. He then charged the provisions of § 71 of the Penal Code in the language of that section, and in immediate connection with this charged the jury that "There is another section of the code that I charge you as a matter of defense, which you will consider separately and distinct to the ones heretofore defined to you; because if not so considered it will certainly lead you to error." With this preface the court charged in the language of the statute § 73 of the Penal Code. There was no explanation of the facts and circumstances under which § 73 is applicable, and the omission to

instruct the jury as to the facts and circumstances under which the last-mentioned section is applicable was such an error as requires the grant of a new trial. It was proper in this case to give §§ 70, 71, and 73 of the Penal Code in charge to the jury, but § 73 should not have been charged in such a way as to make it likely that the provisions of that section would be confused in the minds of the jury with the provisions of §§ 70 and 71. It is true that the judge told the jury that the provisions of § 73 were to be kept distinct from the provisions of sections 70 and 71, but that is not sufficient. How could a layman be expected to keep the provisions of § 73 and of the other sections referred to distinct, without instructions as to the case in which the principles of section 73 are applicable? In the case of *Pryer* v. *State*, 128 *Ga.* 28 (57 S. E. 93), it is said: "We would suggest that it would avoid much confusion if, where it is proper to give in charge section 73 of the Penal Code, the presiding judge would give the jury some instruction as to cases in which it is applicable, instead of simply charging it immediately after sections 70 and 71, without any explanation." Section 73 is applicable only in the cases of mutual combat, as has been repeatedly ruled, and the jury ought to be so informed in appropriate instructions; or, at least, the jury should be told in what cases the provisions of section 73 are applicable. Otherwise the inevitable tendency is to confuse that section with the provisions of sections 70 and 71, where all three of the sections are given. *Warrick* v. *State*, 125 *Ga.* 133, 141 (53 S. E. 1027). *Judgment reversed. All the Justices concur.*