## BARRETT *v.* OLIVER *et al.; et vice versa.*

A testator by item seven of his will bequeathed to his wife a certain sum of money to be held in trust for her by a named trustee and his successors, for and during her life, the interest upon the same to be paid to her during her life, and at her death the money was to go to his two daughters named, to be held in trust for them during their lives, and the survivor of them, and after their death to their children; the interest upon the fund was to be paid to the two daughters quarterly during their lives, and after their death to the grandchildren, "share and share alike, per capita, until the youngest of all my grandchildren born and hereafter to be born shall arrive at the age of twenty-five, at which time said fund shall then be divided equally among said grandchildren

per capita." By another item the residue of the testator's estate was bequeathed and devised "to my said grandchildren, to be held in trust for them by said trustee, and the interest upon same to be paid as set forth in item [containing above bequest], and the division of said fund to be made just as expressed in said item, . . the interest upon said fund to be paid out quarterly." By a codicil the testator declared: "I also amend said item seven to be that all of said grandchildren shall, upon my death, share and inherit equally, during the lives of their mothers, the respective portions of my estate given to them in item seven of said will, and such enjoyment is distinctly understood is not to be postponed until the death of their respective mothers, but such grandchildren are to take equally with their mothers during the lives of their said mothers." *Held*, that, construing the items of the will and codicil together, the intention of the testator was that, after the death of his wife, the income from the money bequeathed should be paid one half to one daughter and her children, and the other half to the other daughter and her children, the children of each mother to share equally with her; and at the death of the mothers each one's share was to go to their respective children. Each mother has an equal share with her children until her death, after which her children take her share in the estate bequeathed.

OCTOBER 20, 1916.

Petition for direction. Before Judge Mathews. Bibb superior court. January 20, 1916.

*Burwell & Fleming,* for plaintiff in error in main bill.

*Jordan & Lane, W. C. Turpin,* and *Allen & Pottle,* contra.

HILL, J. Julius Horne, as executor of the last will and testament of Henry Horne, brought his equitable petition against Mrs. Annie T. Horne (the widow of Henry Horne), Mrs. Annie Horne Oliver (the daughter of Henry Horne) and her children, Mrs. Elizabeth Horne Barrett (a daughter of Henry Horne) and her three children, and Miss Amelia Horne (sister of Henry Horne), praying for a construction of items seven and nine of the will, and item two of the codicil to the will. These items are as follows:

"Item 7. I give, devise, and bequeath to my wife, Mrs. Annie T. Horne, the sum of $5000.00, to be held in trust for her by the trustee hereinafter named, and his successors in office, for and during her life; the interest upon same to be paid to her during her life, and at her death said sum is to go to my two daughters hereinafter named, to be held in trust for them for and during their lives, and the survivor of them, and after their death to their children, to be held by said trustee and his successors; the interest upon said fund to be paid to said two daughters quarterly during their lives, and after their death to my said grandchildren, share

and share alike, per capita, until the youngest of all of my grand-children born and hereafter to be born shall arrive at the age of twenty-five, at which time said fund shall then be divided equally among my said grandchildren per capita."

"Item 9. The residue of my estate, after making the above-specified devises, I give, devise, and bequeath to my said grand-children, to be held in trust for them by said trustee, and the interest upon same to be paid as set forth in item eight of this will, and the division of said fund to be made just as expressed in said item eight of this will, the interest upon said fund to be paid out quarterly."

Item 2 of the codicil was as follows: "I also amend said item seven to be that all of said grandchildren shall, upon my death, share and inherit equally, during the lives of their mothers, the respective portions of my estate given to them in item seven of said will, and such enjoyment is distinctly understood is not to be postponed until the death of their respective mothers, but such grandchildren are to take equally with their mothers during the lives of their said mothers."

The issue was submitted by all parties to the presiding judge, to be determined by him without the intervention of a jury. The court rendered a judgment and decree thereon as follows: "1. Item seven of the will, construed with the provisions of item 2 of the codicil, presents an intelligible scheme as to the enjoyment of the income of the $5000.00 therein bequeathed to Mrs. Annie T. Horne for her life. The language 'and the survivor of them' (referring to his two daughters Mrs. Barrett and Mrs. Oliver) is too inapt, in the connection where it occurs, to have any further meaning than that the trustee shall continue to hold the fund until the death of both of his daughters. This is specially true when the language of item 2 of the codicil is adopted as part of this item. Item 2 of the codicil which speaks of 'respective portions' and 'respective mothers' clearly provides for the division into two portions of the $5000.00 fund, and that during the life of each mother (daughter of the testator) the children of such mother shall take equally with her, during her life, of said portion. Item 2 of the codicil abrogates so much of item 7 of the will as gives to the mother a life-interest in her 'portion' of the fund and provides that her children shall share with her equally as to said 'portion.' These

two items, therefore (item seven of the will and item two of the codicil), construed together, mean that after the death of Annie T. Horne the income from the $5000 shall be paid, one half to Mrs. Barrett and her children and one half to Mrs. Oliver and her children, the children of each to share equally with their mother in one half of the income from the $5000.00. When either mother shall die, her share will go to her children; that is, she has an equal share with her children, till her death; then her share goes to her children. As to item 9, giving the residuum of his estate to the grandchildren of the testator, and providing a method of division among these, this item refers to a previous provision of the will as designating such method of division to be followed as to the residuum and its division among the grandchildren. Item 9 refers to item eight as containing this previous provision; but clearly this is a clerical error in drawing item 9, as appears from the will itself without aliunde evidence. The subject-matter of item 9 and of item 7 shows that the latter was referred to by the former, and therefore the provisions of item 7, as far as applicable, are to apply to the provision of item 9; and item 7 being amended by codicil item 2, it is item 7 as so amended that applies to item 9. Thus applying item 7 to item 9, it is determined that the income from the residuum shall be divided as follows: one half to Mrs. Barrett and her children, share and share alike, and one half to Mrs. Oliver and her children, share and share alike, in each case grandchildren born after the death of the testator to take with their mother and her other children, share and share alike, the share of each mother to go at her death to her children. All other provisions of item 7 of the will with reference to division among testator's grandchildren of the income of the fund therein undertaken to be disposed of, being inconsistent with the amendment by item 2 of the codicil, creating two 'portions' and accelerating the time when grandchildren should participate, are treated as abrogated."

To this judgment certain of the defendants excepted. It is insisted that the items of the will and codicil clearly show that the intention of the testator was to divide the income of the estate into equal portions to be distributed among his two daughters and his grandchildren, respectively, per capita, and that he did not intend, as the court in effect held, to divide the shares into two

portions, each daughter and her respective children taking one half of the estate bequeathed. Construing items seven and nine of the will alone, there would be considerable force in the above contention. But keeping in view the well-recognized rule that in the construction of wills the intention of the testator must govern, and construing items 7 and 9 of the will in connection with item two of the codicil, which is declared by the testator to be an amendment of item seven of the will, we think the court below was correct in his judgment. From a careful reading of item two of the codicil it seems clear that the testator intended that *during* the *lives* of his two daughters their children (his grandchildren) took "equally with their mothers." If, therefore, the testator intended that they should take equally with their mothers during the lives of the latter, he could hardly have intended that they should not take equally after the death of the mothers. He did not intend to make one bequest for them while their mothers were living, and a different one after the mothers died. The testamentary scheme contemplates "two portions" of testator's estate, one for each daughter, and each set of grandchildren was to share equally with their mother while she lived, and after the death of the mothers each one's share was to go to their respective children. The court below undertook to reconcile the confusion growing out of the inapt expressions in the will, and in doing so we are satisfied that he arrived at the intention of the testator as nearly as it was possible to do under the confusion created by the language contained in the items of the will and codicil under review.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*