## GLENN *v.* THE STATE.

FISH, C. J.  1. There was no evidence to authorize a charge on the law of voluntary manslaughter; therefore the failure to give an instruction as to that offense was not error.

2. The court gave to the jury this instruction: "Now, gentlemen, while provocation by words, threats, menaces, and contemptuous gestures shall in no case be sufficient to justify the killing, when the killing is done, not on account of any fear in the mind of the slayer, but solely for the purpose of resenting the provocation given, yet menaces, though the latter do not amount to an actual assault, may in some instances be sufficient to arouse the fears of a reasonable man that his life is in danger or that a felony is about to be perpetrated upon him.  In all such cases the motive with which the slayer acted is for and to be determined by the jury, and in all cases it is for the jury to decide whether or not the circumstances surrounding the homicide were sufficient to justify the excitement of such fears.  In order, however, to justify a homicide there must be something more than verbal threats; there must be an appearance of imminent danger; the means of inflicting the threatened injury must apparently be at hand, and there must be some manifestation of an intention to inflict the injury presently; but it is not essential that there should be an actual assault, for mere threats and menaces, in some instances, may be sufficient, all of

which is to be passed upon and determined by the jury under the facts of the particular case on trial. A man, under the law, could not create the necessity for another to defend himself and then take the life of such person, and justify his act; but that would apply only where he himself created the necessity for another to defend himself." In a note to the ground of the motion for new trial complaining of this charge, the judge states that the charge as set out therein is made up of the first and last sentences of the paragraph of the charge as given, omitting the intervening portion. The charge as given by the court was not erroneous as against the defendant. *Cummings* v. *State*, 99 *Ga.* 662 (27 S. E. 177); *Price* v. *State*, 137 *Ga.* 71 (5), 73 (72 S. E. 908); *Short* v. *State*, 140 *Ga.* 780 (5), 784 (80 S. E. 8). See *Bowden* v. *State*, 126 *Ga.* 578 (55 S. E. 499); *Pryer* v. *State*, 128 *Ga.* 28 (57 S. E. 93). And in view of the evidence it was pertinent.

3. The following instruction was authorized by the evidence, and was not erroneous when considered in connection with the entire charge on the subject: "I charge you that a party who sets up the defense of justifiable homicide must be without fault at the particular time of the killing and in the particular act of killing. But of course that does not mean that he must be without any fault whatever during the entire transaction, but without fault at the particular time of the killing or at the actual killing or when the fatal shot is fired, if a fatal shot is fired." This charge was approved in *Campbell* v. *State*, 144 *Ga.* 224 (3) (87 S. E. 277).

4. There was evidence to authorize the verdict, and the refusal of a new trial was not error.     *Judgment affirmed. All the Justices concur.*

No. 1395. June 12, 1919.

Indictment for murder. Before Judge Littlejohn. Sumter superior court. April 1, 1919.

The plaintiff in error was found guilty of murder, the jury recommending him to mercy. He excepted to the refusal of a new trial.

*George Y. Harrell,* for plaintiff in error.

*Clifford Walker, attorney-general, Jule Fellon, solicitor-general,* and *M. C. Bennet,* contra.