### 16648. MILLER *v.* THE STATE.

BROYLES, C. J. 1. "Where one accused of homicide, in his statement to the jury, admits the shooting of the deceased, but claims justification, the case is not one depending wholly upon circumstantial evidence, and the failure of the court to charge upon that subject is not cause for reversal." *Duren* v. *State*, 158 *Ga.* 735 (3) (124 S. E. 343), and citations.

2. Under the facts of the case it was not error to instruct the jury upon the law of voluntary manslaughter.

3. It was not error for the court to charge the jury sections 70, 71, and 73 of the Penal Code; nor was section 73 charged in such a way as was likely to confuse, in the minds of the jury, its provisions with those of sections 70 and 71; for the court clearly instructed them that the provisions of section 73 were applicable in cases of mutual combat. See, in this connection, *Franklin* v. *State*, 146 *Ga.* 40 (90 S. E. 480), and citations.

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

         *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

               DECIDED NOVEMBER 10, 1925.

Manslaughter; from Laurens superior court—Judge Camp. June 6, 1925.

*Hightower & New,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.