DARDEN *v.* THE STATE.

No. 8265. APRIL 15, 1931.

*Whitaker & Whitaker,* for plaintiff in error.

*George M. Napier, attorney-general, John C. Mitchell, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. Moses, Marcellus, and Stephen Darden were jointly indicted for the murder of Chesley Davis. Moses and Marcellus were previously and separately tried and convicted, and the judgments overruling their motions for new trial were affirmed. *Darden* v. *State,* 171 *Ga.* 160, 848 (155 S. E. 38, 157 S. E. 48). Subsequently Stephen Darden was separately tried and found guilty, with recommendation to life imprisonment. He moved for a new trial upon the general grounds, and on several special grounds.

■ Complaint is made that the court erred in refusing to give in charge to the jury the following instruction properly requested in writing by defendant and submitted to the court: "I charge you that you have nothing whatever to do with any trials had in connection with this matter heretofore; and if you know of any such trials, or the result of such trials, you must entirely disregard such knowledge and make your verdict solely on the evidence and statement of the defendant, that has been allowed to go in this trial." The court did charge substantially the principles involved in the request, as follows: "You are supposed to find the truth, under all the facts that have gone before you and under the charge of the court as given to you. Don't allow anything to influence your minds except what has happened upon the trial of this case. Friendship, rumors, hearsay, have got no place in the verdict of conscientious jurors."

■ None of the other grounds complaining of refusal to charge

as requested in writing are meritorious. All of these were covered by the court in the general charge.

■ Movant complains that the court erred in permitting the witness B. F. Craddock to testify to an alleged confession in conversation between him and Mose Darden (jointly indicted with the defendant on trial, but tried separately); at the Craddock home on the night of the alleged killing, the defendant on trial not being present nor hearing said conversation between the witness Craddock and the said Mose Darden. And in another ground the same error is assigned on admitting similar evidence of Mrs. Craddock. These grounds do not show error. The Penal Code (1910), § 1025, provides: "After the fact of conspiracy is proved, the declarations of any one of the conspirators during the pendency of the criminal project are admissible against all." Under the evidence in the case the jury was authorized to find that there was a conspiracy entered into by the three defendants, who were jointly indicted, to kill Chesley Davis, and that the statements admitted in evidence were declarations of one of the conspirators during the pendency of the criminal project. Conspiracy may be proved by circumstances as well as by direct evidence. The present verdict is upheld on the theory that such conspiracy did exist.

■ The verdict is supported by evidence. The court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*