23854. SCHELL *v.* THE STATE.

DECIDED MARCH 29, 1934.

*Alton B. Hollis, W. F. Manley, B. F. Leverett, G. H. Cornwell,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J. From the evidence of the State it appears that the deceased and the defendant had been disputing about an automobile tire which the deceased claimed the defendant had borrowed and had not returned. It further appears that the deceased walked up to defendant, who was sitting down, and demanded his tire or the money, and, after some words, he knocked the defendant down and got on him and hit him several times. The defendant pushed him away from him without striking him in return, and the deceased turned and walked away. When the deceased had gone about fifteen feet the defendant began pulling his pistol from his pocket, and the State's witness remonstrated with him, but he pulled the pistol and shot the deceased when he was about forty feet away. The deceased, after the first shot, turned and started back towards the defendant "weaving and dodging," and the defendant continued shooting, and the deceased turned again and started away, when the last shot was fired. Five shots in all were fired, four of these taking effect. One shot penetrated the back and went through the lung and came out in front. One shot grazed his stomach and the bullet lodged in his chest, and one struck and destroyed his watch, which was in his pocket. The wounds inflicted caused his death. The defendant was convicted of voluntary manslaughter. He excepted to the refusal of a new trial.

■ The following charge of the court was not erroneous for any reason assigned: "A person can not create an emergency which renders it necessary for another to defend himself and then claim that such person is acting in self-defense, if it appears that the difficulty was provoked or continued by him and the other person did only what was necessary to defend himself. If a person provokes a difficulty and creates a necessity for the other person to defend himself, then the assaulting person can not claim that he acted in self-defense, provided the other person did only what was necessary to defend his person from the illegal acts or act of the assaulting person. The court does not intend to intimate to you that the defendant in this case did any such act or acts. That is entirely a question for your consideration and for your determination." *Price* v. *State,* 137 *Ga.* 71 (72 S. E. 908) ; *Pryer* v. *State,* 128 *Ga.* 28

(57 S. E. 93); *Riley* v. *State*, 3 *Ga. App.* 534 (60 S. E. 274). The charge was adjusted to the facts of the case.

■ The court fully and fairly stated the contentions of the parties as justified by the evidence. The remaining assignments of error are without merit. The evidence amply supports the verdict, and the court did not err in overruling the motion for a new trial.

·*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*