## 29779. FULLWOOD v. THE STATE.

DECIDED OCTOBER 20, 1942.

W. A. *Dampier*, for plaintiff in error.

J. *Eugene Cook, solicitor-general*, contra.

GARDNER, J. 1. We will deal with the special grounds first. Ground 1 is as follows: "Movant contends that he should be granted a new trial in said case for the reason that the court erred in charging the jury as follows: 'The court instructs you that in case of mutual combat, if a person kill another in his defense it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the other was absolutely necessary, and it must appear also that the person killed was the assailant; or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. Before the slayer can be justified it must appear that he acted without malice, not in a spirit of revenge; that the deceased was the assailant; that in order to save his own life it was necessary to kill his adversary, or that he was under the pressure of other equivalent circumstances. He can not avoid the fearful responsibility of guilt by the bare fear of the apprehension of danger; the danger must be urgent and pressing at the time. He must decide the momentous question with reference to his accountability to the law at the time, and by the same mental and moral faculties which he employed to shoot. Mutual intent to fight does not necessarily reduce the crime from murder to manslaughter. In order to do so the killing must be the result of that sudden violent impulse of passion, supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and be punished as for murder.

" 'Justifiable homicide, gentlemen of the jury, is the killing of a human being in self-defense, or in defense of person, habitation or property, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on another. A bare fear of any of these offenses, to prevent which the homicide

is alleged to have been committed, shall not be sufficient to justify the killing. The circumstances must be such as to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge.' "

·It will be observed that the alleged vice in that portion of the charge to which exception is registered is that the court confused the principle of self-defense as specified in the Code, §§ 26-1011, 26-1012, with mutual combat as specified in § 26-1014. It is well settled that it is reversible error to charge the last section in any case where mutual combat is not involved. In a case where both justifiable homicide and mutual combat are involved it is proper to charge the two sections referring to justifiable homicide and the one involving the principle of mutual combat. Counsel for the defendant lays great stress on the fact that the judge erred because he charged the principles of the sections in immediate sequence: We find no decisions which inhibit the charging of these sections in immediate sequence. There are a number of decisions laying down the proposition that it is reversible error to give in charge the principle of justifiable homicide as announced in Code §§ 26-1011, 26-1012, and the principle of mutual combat as announced in § 26-1014 so as to make them applicable to the same statement or theory of facts. In a proper case the three sections may and should be charged, and they may be charged in immediate sequence, but they must not be charged in any case in such a way as to confuse the jury as to the two principles, that is, they must not be charged in such a way as to make them applicable to the same state of facts. See in this connection *Smith* v. *State,* 119 *Ga.* 564 (46 S. E. 846); *Pugh* v. *State,* 114 *Ga.* 16 (39 S. E. 875); *Teasley* v. *State,* 104 *Ga.* 738 (30 S. E. 938).

To sustain his contentions the defendant cites ·*Jordan* v. *State,* 117 *Ga.* 405 (43 S. E. 747). In that case the evidence did not warrant the charge on the law of mutual combat. The case was reversed for that reason. The same is true of *Stubbs* v. *State,* 110 *Ga.* 916 (36 S. E. 200), cited by the defendant. Another case relied on is *Warrick* v. *State,* 125 *Ga.* 133 (53 S. E. 1027). That case was one where the three sections were involved. On page 141 the court said: "In the present case the court charged

sections 70, 71, and 73 of the Penal Code [Code of 1933, §§ 26-1011, 26-1012, 26-1014] in immediate sequence. He did then add that an apparent necessity, acted upon bona fide, is the same as a real necessity, and gave some instances in which this might be true. But we can not feel sure that a jury might not have been confused by the context in which they were given. In view of the entire charge on this subject, perhaps a new trial would not have been required by this ground alone. In a proper case all of these sections may be given in charge, but this should be done so as not to confuse the jury or make them all applicable to the same theory or state of facts."

Another case on which the defendant relies is *McCray* v. *State*, 134 *Ga.* 416 (13) (68 S. E. 62, 20 Ann. Cas. 101). A careful reading of the opinion in that case will reveal that it was reversed because the evidence did not involve the principle of mutual combat. Thus it will be observed that the requirement of the law goes to insure clarity regarding the difference in the principles of law as they apply to justifiable homicide, dealt with in the two former sections, and the principle of mutual combat as dealt with in the last section 26-1014. The law is not concerned so much with the sequence in which they are charged except to the extent necessary to insure clarity and avoid confusing the jury. When we view the charge in its entirety it is not subject to the criticism assigned. Immediately before the excerpt complained of the court clearly and accurately defined mutual combat. Then, after charging fully the law applicable to mutual combat, the judge began the charge on justifiable homicide, and immediately after the last portion of the excerpt complained of the judge defined a felonious assault. The court did not err in overruling the motion for any of the reasons assigned in this ground.

2. Ground 2 assigns error because the court failed to give in charge to the jury the following written request: "I charge you, gentlemen of the jury, if you believe from the evidence in the case and the defendant's statement that the defendant was not at fault, and that he was at a place where he had a legal right to be, and the deceased made an attack on him with a deadly weapon, that the defendant would be under no obligation to retreat or run away from the deceased, but had the legal right to

188

defend himself against such attack, so far as necessary to accomplish his defense; that is, one that is free himself from fault may, without retreating, use whatever force is necessary to protect himself from such felonious assault, even to the taking of the life of his assailant, and be justifiable, if he acted under the fears of a reasonable man and not in a spirit of revenge. I charge you, gentlemen of the jury, further, if you believe from the evidence and the statement of the defendant that he, the defendant, acted under the fears of a reasonable person, believing that a felonious attack was about to be made upon him, that it would not be necessary for the defendant to have waited until the attack was made, or that the deceased was even in striking distance of him, if the attack was apparently imminent, at the time." When we view the case from the standpoint of the evidence and the entire charge of the court, there is no merit in this ground. The court substantially charged the principle to the extent the law requires.

3. There was sufficient evidence to support the verdict. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*