BROWN *v.* THE STATE.

No. 14443. FEBRUARY 11, 1943.

*W. E. Watkins* and *Benjamin B. Garland,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, F. E. Strickland, solicitor-general,* and *A. J. Hartley, assistant attorney-general,* contra.

ATKINSON, Justice.   Annie Brown was tried and convicted of murder in the killing of Rosa Lee Willis, by cutting and stabbing her with a knife.

The evidence presents two separate and distinct lines of testimony.   The witnesses for the State relate a set of facts that show an unprovoked killing, and the testimony of the witnesses for the accused is equally positive in presenting a case of justifiable homicide.

The killing occurred in the business section of Griffin on a Saturday afternoon.   Witnesses for the State testified that the accused, without any warning, approached the deceased "on her toes," a distance of ten steps from around a corner, and stabbed deceased while she was standing talking to her (deceased's) husband, and holding her baby in her arms.   Witnesses for the accused testified that while she was walking down the street on the way to her work, the deceased, without warning, struck accused with a broom and knocked her down twice; that deceased had a knife, and after accused had been knocked down the second time, deceased got upon her and tried to cut her; and that while down accused opened her own knife and stabbed deceased.

The evidence discloses that about twenty minutes before the homicide there had been a previous difficulty between accused and deceased, and the testimony relating to this incident is equally at variance as the testimony relating to the homicide.   Witnesses for the State testified that the accused without provocation struck at deceased with a knife, and a few minutes later, when they met at a different place before the homicide, threatened to kill her.   Witnesses for the accused testified that this previous difficulty was an effort on the part of deceased to injure accused, and that deceased made an assault upon accused with a knife, and accused ran away in order to avoid being cut; and that deceased threatened to kill accused, which threat was communicated to accused.

■   The first special ground of the motion complains of error in the failure of the trial judge, on request, to give in charge to the jury the following: "Although mere threats are insufficient to justify a killing as in self-defense, if the jury believe that prior to the homi-

cide deceased made threats of a violent nature against the defendant, and the evidence leaves the jury in doubt as to what the acts of the deceased were at the time of the homicide, or as to what defendant might properly have apprehended in respect to the intentions of the deceased, the jury are entitled to consider the threats in connection with the other evidence, in determining who was the aggressor, and in determining what apprehensions might reasonably arise in the mind of the defendant from the conduct of the deceased." In *Alexander* v. *State,* 8 *Ga. App.* 531 (69 S. E. 917), it was held error for the court to refuse to give this in charge. In the present case the court, after instructing the jury on the subject of uncommunicated threats, charged as follows: "I charge you further, if you find there were previous threats by the deceased and they were communicated to the defendant, they are not to be considered by you, unless you find there is some proof of an attack or overt hostile act, showing the intention to carry the threats, if any, into execution." While this charge is more or less expressed in the negative, it directs the jury to consider communicated threats if "you find there is some proof of an attack or overt hostile act, showing the intention to carry the threats, if any, into execution." The requested charge directed the jury to "consider the threats in connection with the other evidence, in determining who was the aggressor, and in determining what apprehensions might reasonably arise in the mind of the defendant from the conduct of the deceased." The instruction given, in substance, covered the requested charge. The court is not bound to charge in the exact language of a request, and a new trial will not be granted for refusing to charge as requested, when the charge given substantially covers the request. *Battle* v. *State,* 105 *Ga.* 703 (32 S. E. 160) ; *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184) ; *Darden* v. *State,* 172 *Ga.* 590 (158 S. E. 414). On this general subject see *Werk* v. *Big Bunker Hill Mining Cor.,* 193 *Ga.* 217 (17 S. E. 2d, 825). The request to charge, as contained in the second and third special grounds of the motion, was fully covered by the charge of the court on the subjects of voluntary manslaughter and justifiable homicide.

■ The accused, in ground 4, alleges error in the court's failing to charge, on request, the following: "She would be justifiable, whether in fact there was any real danger or not; or if the cir-

cumstances proved were sufficient to excite the fears of a reasonable person that a serious bodily injury, less than a felony and greater than a slight injury, was about to be inflicted on her, by the deceased, and she acted under the influence of those fears in doing the killing, and not in a spirit of revenge, the killing would be reduced from murder to manslaughter, whether the defendant was in actual danger at the time or not." This is not a correct statement of the law of homicide. The first phrase, "she would be justifiable, whether in fact there was any real danger or not," is a rule that applies only to the law of justifiable homicide. The balance of the request relates only to the law of voluntary manslaughter. These two principles are commingled and confused in the same sentence, and would have been an incorrect statement of the law.

■ (a) In grounds 5 and 6 the accused alleges error by reason of the court having charged the jury as follows: "Before the slayer can be justified, it must appear that he acted without malice, not in a spirit of revenge, that the deceased was the assailant, that in order to save his own life it was necessary to kill this adversary, or that he was under the pressure of other equivalent circumstances. He can not avoid the fearful responsibility of guilt by the bare fear or apprehension of danger; the danger must be urgent and pressing at the time. He must decide the momentous question with reference to his accountability to the law at the time, and by the exercise of the same mental and moral faculties which he employed to shoot." This excerpt of the charge was taken from *Roberts* v. *State*, 65 *Ga.* 430. The exception is that "said charge, being embraced within that portion of the charge dealing with mutual combat, was misleading and confusing in that it dealt with justifiable homicide, and not mutual combat as related to murder or manslaughter." This instruction was given immediately after reading from the Code, § 26-1014 (1910, § 73), and is an amplification of that section. The objection is without merit, as it presupposes that justifiable homicide has no relation to mutual combat. The Code section cited provides the rule to govern justifiable homicide in cases where there is a mutual intent to fight and mutual combat. *Gay* v. *State*, 173 *Ga.* 793 (161 S. E. 603). In the present case there was ample evidence to authorize a charge on the subject of mutual combat. The objection made under this ground does not raise the question that the court confused the defense pro-

434

vided for under the Code, § 26-1014, with the defense provided for under § 26-1011 (1910, § 70), § 26-1012 (1910, § 71), which was the subject of the rulings made in *Powell* v. *State*, 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277) ; *Teasley* v. *State*, 104 *Ga.* 738 (30 S. E. 938) ; *Pugh* v. *State*, 114 *Ga.* 16 (39 S. E. 875) ; *Warrick* v. *State*, 125 *Ga.* 133 (53 S. E. 1027) ; *Pryer* v. *State*, 128 *Ga.* 28 (57 S. E. 93) ; *Franklin* v. *State*, 146 *Ga.* 40 (90 S. E. 480) ; and other cases.

. (*b*) In the foregoing charge the court used the word "shoot" instead of "cut" or "stab." Inasmuch as the indictment alleged that the deceased was killed by cutting and stabbing, and there was no evidence in reference to any shooting, the jury could not have been misled by the use of the word "shoot" in this portion of the charge. Such a slip of the tongue could not have misled the jury, and is not ground for a new trial. *Harris* v. *State*, 191 *Ga.* 243 (12 S. E. 2d, 64), and cit.

■ Ground 7 of the motion alleges error in the failure of the court to charge, without request, on the subject of the character of deceased for violence. This was not error. *Tillman* v. *State*, 136 *Ga.* 59 (70 S. E. 876).

■ The jury were authorized to adopt either version of this case, but they believed the witnesses for the State.

*Judgment affirmed. All the Justices concur, except Reid, C. J., absent because of illness.*