31091. SAYLORS *v.* THE STATE.

DECIDED DECEMBER 4, 1945.

*William Hall,* for plaintiff in error.

*R. Howard Gordon, solicitor-general,* contra.

BROYLES, C. J. Grady Saylors was indicted for murder and convicted of voluntary manslaughter. His motion for a new trial was overruled, and that judgment is assigned as error. The general grounds of the motion are not argued or insisted upon in the brief of counsel for the plaintiff in error, and therefore are treated as abandoned.

The single special ground complains of the following excerpt from the charge of the court: "I charge you that, if you should determine from all the evidence and the defendant's statement that there was an intention upon the part of the deceased to enter into a mutual combat with the defendant, and the defendant also determined to enter into a mutual combat with the deceased, both having at the time intention to fight, and if under those circumstances the defendant killed Hubert Payne, it must appear before the defendant could be held guiltless under the law that the danger to him at the time of killing Payne was so urgent and pressing that, in order to save his own life, the killing of Payne at the time was absolutely necessary, and it must also appear that Payne at the time was the assailant, or it must appear that the defendant had really and in good faith endeavored to decline any further struggle before the mortal wound was inflicted; *before the slayer can be justified it must appear that he acted without malice and not in a spirit of revenge; that the deceased was the assailant;* that in order to save his own life it was necessary to kill his adversary, or that he was under the pressure of other equivalent circumstances." (Italics added.) The movant contends that the following part of the charge was error: "Before the slayer can be justified it must appear that he acted without malice and not in a spirit of revenge." The contention is that "a homicide may be malicious and yet be justifiable."

The charge here complained of is substantially the same as the charge approved by this court in *Fullwood* v. *State,* 68 *Ga. App.* 183 (22 S. E. 2d, 526). The cases cited on behalf of the plaintiff in error are clearly distinguished by their particular facts from this case. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*