CANNON *vs*. THE STATE OF GEORGIA.

It being shown by the evidence that the prosecutor had a hatchet in
his hand and began the difficulty, and that he threw the hatchet
away at some stage of the difficulty, but it not appearing that the
defendant knew that he had done so, it was error to charge that
"if the assault was committed by defendant as charged in the in-

dictment; if he and prosecutor were engaged in a quarrel; if pros-
ecutor had a hatchet in his hand; if there was no attempt to use
it, and defendant rushed in upon him and assaulted him with a
deadly weapon; if there be no other provocation, the defendant
would be guilty," etc. The charge should have been so extended
and qualified as to leave to the jury the question whether the ac-
cused assaulted the prosecutor under such circumstances as would
justify the fears of a reasonable man that it was the intention of
the prosecutor to commit some great bodily harm upon him or a
felony upon his person.

July 12, 1888.

Criminal law.    Charge of court.    Reasonable fears.
Before Judge ADAMS.    Chatham superior court.    Decem-
ber term, 1887.

Reported in the decision.

DENMARK & ADAMS, by R. G. ERWIN, for plaintiff in error.

F. G. DUBIGNON, solicitor-general, by brief, for the State.

BLANDFORD, Justice.

Cannon was indicted for assault with intent to murder,
and was found guilty. He moved for a new trial which
was refused, and he excepted.

In the view we take of this case, it is only necessary to
notice one ground of the motion for a new trial. The 4th
ground is as follows: " Because the court erred in charg-
ing the jury as follows : ' If you find that the assault was
committed by the defendant as charged in this indictment;
if you find that he and the prosecutor were engaged in a
quarrel; if you find that the prosecutor had a hatchet in his
hand; if you find from the evidence that there was no
attempt made to use it, and that the defendant rushed in
upon him and assaulted him with a deadly weapon; if
there be no other provocation, the defendant would be
guilty of an assault with intent to murder';—the said
charge being illegal, in that it did not submit the theory

as to the use of the knife being justified by the surroundings and circumstances and the peril to defendant's life."

This charge was not altogether just to the defendant. The evidence shows that the prosecutor had a hatchet in his hand, and that he began the difficulty. It appears that he threw away the hatchet at some stage of the difficulty, but it does not appear that the defendant knew this. The charge stated that if the prosecutor did certain things, and the accused rushed upon him and assaulted him with a deadly weapon, the accused would be guilty of an assault with intent to murder. The charge did not leave the jury the question of whether the accused assaulted the prosecutor under such circumstances, as would justify the fears of a reasonable man that it was the intention of the prosecutor to commit some great bodily harm upon him or a felony upon his person. The court should have so extended and qualified the charge as to present this question to the jury, and leave them to say whether the circumstances were such as to justify the defendant or not. For this reason, and this reason only, we grant a new trial.

Judgment reversed.