## COOK v. THE STATE.

There was no error in any of the charges complained of; the verdict was fully warranted by the evidence, and the refusal of a new trial was undoubtedly right.          Judgment affirmed.

December 18, 1893.

Indictment for murder. Before Judge BARTLETT. Houston superior court. October term, 1893.

Robert Cook was found guilty of involuntary manslaughter in the commission of an unlawful act; and his motion for a new trial was overruled. The evidence shows that defendant, deceased and others were boys playing together, and were friendly. Defendant had a pistol belonging to his father (not a self-cocking pistol, but one that required the hammer to be pulled back), and was handling it very recklessly, snapping it towards some of the others. He was remonstrated with by them, but presented the pistol at deceased, fired and killed him. According to the testimony of the brother of de-

ceased, the latter had just said, "I wouldn't do that way if my pa had a pistol," to which defendant replied, pointing the weapon at him, "Shut your damned mouth, or I'll shoot your damned brains out." Mose Cook testified that defendant said, "Hush, I'll shoot you," and the pistol fired. There was conflict in the evidence as to the age of defendant, his father testifying that he was not quite 12 years old at the time of the killing, and other evidence indicating that he was between 13 and 14 years old. The defendant claimed that he did not intend to shoot, and did not know the pistol was loaded.

The motion for new trial alleges that the verdict is contrary to law and the evidence, and that the court erred in the following parts of the charge to the jury:

"If you believe he was under 14 and between 10 and 14, and that he did have sufficient mental capacity, intelligence and will to know and distinguish between right and wrong with relation to the particular act, did know that it was wrong to shoot a man with a pistol, if that was the act in question, or to kill a man, why then you would be authorized to conclude that he had sufficient mental capacity to distinguish between good and evil and was responsible for his act, as though he was 14 years old." Error, because the law does not hold a person between 10 and 14 years to the same responsibility for crime as those who have reached the age of 14; and therefore the defendant would not be as responsible, even if he knew right from wrong, as he would if he had reached the latter age.

"If a man kill another by shooting him with no regard for consequences, recklessly and carelessly, as if a man shoots into a crowd not caring whether he killed anybody or not, or not intending to kill any particular person, but recklessly of human life shoots into a crowd, and kill any one, his dearest friend or utter stranger, the law will declare that killing to be murder, and would

supply the malice from the reckless disregard of human life, and would call such a killing as that murder, and in a case like that it should not require there should exist any ill will or express malice; the law implies malice from the act and declares that killing to be murder. If a workman upon a house in a crowded street were to throw a heavy timber down upon the sidewalk when people were passing, and the tendency of such act was to destroy human life, and a person were to be killed in that way, even though a stranger to the workman, that would not be involuntary manslaughter, but would be murder." Error, because unauthorized by the evidence and inapplicable to the case, no such issues being involved, and such instructions tending to mislead the jury.

"Therefore, if you believe in this case that the defendant intentionally pointed a loaded pistol at the deceased, or pointed a pistol at him not knowing whether it was loaded, or believed it to be unloaded, not intending to kill him, and cocked it and pulled the trigger, and it fired and killed him in that way, that would be involuntary manslaughter in the commission of an unlawful act." Error, because argumentative and an intimation that the defendant was guilty of involuntary manslaughter. The court did not give the jury the right to decide for themselves that the defendant was guilty of that offence, but instructed them, if such facts were true and were proved by the evidence, they could find him guilty thereof.

"It could not be said to be an accident that a man should point a pistol at another, not intending to kill him, and should cock it and pull the trigger and fire; such a killing would not be an accidental killing." Error, because it did not submit the defence fairly to the jury, and because the court did not enlighten them on §4302 of the code, on which defendant relied, and because the court intimated that the killing could not have been accidental.

JOHN R. COOPER, for plaintiff in error.
W. H. FELTON, Jr., solicitor-general, *contra*.