## CLAY *v.* THE STATE.

1. Where, upon the trial of one indicted for the offense of assault with intent to murder by shooting, the defense was that the shot was fired under a fear that the person assailed was about to inflict upon the person of the assailant an injury amounting to a felony, the defendant was entitled to have the questions as to the existence and reasonableness of his fears determined by the jury in the light of all the attendant circumstances, and the court by its charge should not have withdrawn from the consideration of the jury the effect of any words, threats, and menaces which may have accompanied the act which it is claimed produced the fears.

2. Such was the effect where the court, while instructing the jury upon the subject of reasonable fears, charged as follows: "Now in passing upon that question, gentlemen, no words, threats, menaces, or contemptuous gestures, or even the drawing of weapons, without a manifest intention to use them presently, would justify a killing or a shooting." Because of the error in so charging the jury, a new trial should have been granted.

Submitted January 15,—Decided February 15, 1906.

Indictment for assault with intent to murder. Before Judge Littlejohn. Schley superior court. December 5, 1905.

The accused was convicted of assault with intent to murder. The prosecutor testified, that he was deliberately shot by the accused without provocation, that he had made no assault upon the accused, and that he did not have a pistol or any other weapon at the time of the difficulty. There were other witnesses whose testimony supported the contentions of the prosecutor. On the other hand, there were witnesses who testified that the prosecutor drew a pistol from his pocket while engaged in heated conversation with the accused, which they could not hear, but that before an attempt could be made to shoot, the accused fired upon him. The accused

in his statement to the jury said, that, while engaged in a quarrel with the prosecutor, the prosecutor drew from his pocket his pistol, exclaiming that he would shoot the accused; whereupon the accused, through fear that he would be killed, drew his own pistol and shot the prosecutor.

*Philip Taylor* and *Williams & Harper,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* contra.

ATKINSON, J. (After stating the foregoing facts.) 1. From the statement of facts just given, it will be seen that the defense rested solely on the theory that the shot was fired because of a reasonable fear that an injury amounting to a felony was about to be inflicted upon the person of the accused. That was a meritorious defense, if supported by the testimony of witnesses or the statement of the accused. It being purely a question of fact as to whether the attendant circumstances justified a reasonable fear upon the part of the accused that such injury was about to be inflicted upon his person, that question was one exclusively for the jury. There are so many conditions under which grounds for reasonable fear could arise that the legislature has not undertaken to say that any given state of facts or circumstances shall or shall not be sufficient to constitute grounds of reasonable fear, but has left the matter open for determination by the jury in each instance, without further limitation than that the circumstances must be sufficient to excite the fears of a reasonable man that some one or more of the offenses enumerated in the Penal Code, §70, were about to be committed, or that his life was in imminent danger; thus leaving it to the jury, after all, to pass upon the sufficiency of the circumstances for that purpose. It will be borne in mind that the theory of defense insisted upon in this case has nothing to do with the theory of shooting under the heat of passion. In cases of that kind, section 65 of the Penal Code, which relates to voluntary manslaughter and, among other things, makes provision that if the killing is the result of that sudden, violent impulse of passion, supposed to be irresistible, the offense would be reduced from murder to voluntary manslaughter, and which further expressly provides that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," would apply, and consequently, because of the

express statute, would authorize the court to give in charge to the jury the language just quoted. As relates to passion, the legislature could with reason, and did, prescribe that no words, threats, menaces, or contemptuous gestures should be sufficient to provoke any degree of passion which would authorize one person to slay another solely because of the passion thus produced, without being guilty of the offense of murder; but it could never with reason have been said, and it has not been prescribed in this State, that words, threats, and menaces, as a matter of law, could not be sufficient to justify the fears of a reasonable man that a felony was about to be committed upon him. In the case of *Cumming* v. *State,* 99 *Ga.* 662, Chief Justice Simmons goes fully into this subject and draws the distinction between the defenses of shooting through fear and shooting because of passion, and, among other things, holds that the language above quoted from section 65 of the Penal Code does not apply to cases where the defense rests upon the theory that the shot was fired because of a reasonable fear. The facts and questions considered in the *Cumming* case are very similar to those presented in the case at bar, and the principles announced in that case were afterwards applied in the case of *Johnson* v. *State,* 105 *Ga.* 665, where the facts and questions ruled were more closely analogous to those involved in this case. In the *Cumming* case, on page 667, the court said: "Whether the circumstances were such as to excite the fears of a reasonable man that a felony was about to be committed upon him, and that it was necessary to kill the other party in order to prevent it, was a question to be determined by the jury, in the light of their own judgment and experience;" citing *Howell* v. *State,* 5 *Ga.* 49; *Monroe* v. *State,* 5 *Ga.* 135-6; *Braswell* v. *State,* 42 *Ga.* 609; *Cannon* v. *State,* 80 *Ga.* 758. Upon the point that the question was one for determination by the jury, the case of *Daniel* v. *State,* 103 *Ga.* 202, may also be cited.

2. From what has been said, and under the reasoning of Chief Justice Simmons in the case of *Cumming* v. *State,* supra, it is clear that that part of the charge of the court in the present case, copied in the second headnote, had the effect to withdraw from the jury the consideration of the question as to whether or not the words, threats, menaces, and gestures, as insisted upon as a defense in this case, were sufficient to authorize a reasonable fear that

a felony was about to be committed upon the person of the de-fendant at the time of the shot; and as that withdrawal was erroneous, we hold that a new trial should have been granted.    Ac-cordingly the judgment of the court below is

Reversed.    All the Justices concur.