DECIDED OCTOBER 13, 1942.

*Loeb C. Ketzky,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for murder, and was convicted of voluntary manslaughter. The evidence authorized the verdict. A part of the defendant's statement to the jury also authorized it, and the jury had the right to believe that part where she admitted cutting the deceased with a knife, and to disbelieve the other part where she claimed she cut him in self-defense. "It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of manslaughter, voluntary or involuntary, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or manslaughter. *Reeves* v. *State,* 22 *Ga. App.* 629 (97 S. E. 115). It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State,* 10 *Ga. App.* 50, 54, 55 (72 S. E. 537)." *May* v. *State,* 24 *Ga. App.* 379, 382 (100 S. E. 797). The overruling of the motion for new trial, embracing the general grounds only, was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*