JOSEY *v.* THE STATE.

No. 14693.   November 10, 1943.

*Joe M. Ray* and *M. Davis,* for plaintiff in error.  *T. Grady Head,* attorney-general, *R. A. Patterson, solicitor-general, L. C. Groves, assistant attorney-general,* and *Hooper & Miller,* contra.

GRICE, Justice.  One of the grounds of the motion for new trial is that the verdict is strongly and decidedly against the weight of the evidence.  This, however, must be addressed to the trial judge.  Code, § 70-206.  The law gives to him alone the authority to grant a new trial for such a reason.  This court has no such power.  "The Supreme Court . . shall be a court alone for the trial and correction of errors of law."  Constitution, art. 6, sec. 2, par. 5 (Code, § 2-3005).  Under the general grounds usually contained in such a motion, it is a question of law whether the verdict is contrary to the evidence and without evidence to support it..  This court passes, not on the weight, but the sufficiency of the evidence.  We are therefore to determine in this case whether the verdict as rendered, coming to us with the stamp of the approval of the judge, can be sustained under any view taken of the proofs submitted to the jury.

The jury could have found from the evidence in this record that the accused shortly before ten o'clock at night, after admittedly having drunk some whisky about four o'clock that afternoon, on the public streets of the City of Dawson, with electric lights shining at each street intersection, did, when about midway the block, driving. his automobile at the rate of about twenty miles an hour,

with the lights on his car permitting him to see the objects directly in front of him, deliberately or recklessly run into a body of troops in front of him, marching in the same direction; that he drove through this body of men, knocking ten to fifteen of them down, and finally ran against Bridges, who was forty or more feet from the rear of the squad into whom he ran his car, killing him; that he did this without any warning, and without any effort to stop his car, or to slow down, or to drive around them, or to do anything else to avoid hitting them. The jury were authorized to regard such ·conduct as evidencing a wanton and reckless state of mind which is the equivalent of a specific intention to kill, when death results as it did in the instant case, and accordingly to grade the crime as murder. Compare *Marshall* v. *State*, 59 *Ga.* 154; *Gallery* v. *State*, 92 *Ga.* 463 (17 S. E. 863) ; *Cook* v. *State*, 93 *Ga.* 200 (18 S. E. 823) ; *Hamilton* v. *State*, 129 *Ga.* 747 (59 S. E. 803). The judge gave in charge the various grades of homicide, including that of involuntary manslaughter. The jury were evidently of the opinion that the case was not one of mere negligence, but that the act of the defendant that brought about the death was done so carelessly and recklessly that the law would imply an actual intention to kill. We are not called upon to say whether, had we been in the place of the jury, we would have found the accused guilty of a lesser offense. It was their province to put their own appraisal upon the proofs submitted to them. Their verdict, from a legal standpoint, was justified; and the trial judge, in the exercise of that discretion which the law places in his hands, having denied a new trial, the judgment must be

*Affirmed. All the Justices concur, except Duckworth and Atkinson, JJ., who dissent.*

ATKINSON, Justice. There can be no murder without the intent to kill. The facts in this case show no such intent. While the law provides that the reckless disregard for human life may be equivalent to a specific intent to kill, still such disregard for human life must be manifested by voluntary and intentional acts, and not by mere inattention or by negligent conduct. In each case cited in the majority opinion it will be found that the act relied on to show a reckless disregard of human life was a voluntary and intentional act, and not inattention or negligent conduct. The evidence fails to show that at the time the accused drove the

automobile into the crowd, which act resulted in the death of deceased, he was voluntarily driving in a manner which indicated a reckless disregard for human life. On the contrary the evidence shows that the automobile was being driven in a lawful and proper manner; and the mere fact that a person was killed does not within itself impute the reckless disregard for human life that the law says may be the equivalent of a specific intent to kill. Justice Duckworth concurs in this dissent.