## 30595, HILLIARD v. THE STATE.

DECIDED JULY 15, 1944.    REHEARING DENIED JULY 27, 1944.

*P. Z. Geer,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Miller,* contra.

GARDNER, J.   The accused was tried on an indictment charging murder, and convicted of voluntary manslaughter. He filed a motion for a new trial, and afterwards added ten special grounds. To the judgment overruling the motion he excepts and assigns error.   The accused and one James Horn became engaged in a difficulty which led to both drawing knives with which they made passes at each other.   The affray between them continued for some minutes, during which Charlie Melvin, in an attempt to separate them, or at least without any bad motive on his part, was stabbed by the accused, the wound causing the death of Melvin.   The evidence for the State and that for the accused is in conflict in many particulars.

■  As to the general grounds, the State introduced positive evidence that the accused inflicted the mortal wound on Melvin. The jury were authorized to believe this evidence, and to disbelieve that for the accused.   The status of the accused is to be determined by whether he would have been guilty of voluntary manslaughter had he killed Horn instead of Melvin.   This is conceded by his counsel.   The evidence supports the verdict in so far as the general grounds are concerned.

■ Special ground 1 complains because the court failed to charge the provisions of the Code, § 26-1014, as applicable to mutual combat. When we take the charge as a whole, and in the absence of a written request, the failure to charge in the language of this section is not reversible error. In our opinion the general charge on justifiable homicide was sufficient.

■ Special ground 2 complains because the court failed to charge the principle of involuntary manslaughter. Under the evidence this assignment of error is without merit.

■ Special grounds 3, 4, 5, 6, 7, 8, and 9 assign error because the court submitted to the jury the question of voluntary manslaughter both as applied to this offense under the general law and as applied to mutual combat. The evidence authorized the court to submit to the jury the question of voluntary manslaughter both as applied to killing under a heat of passion and also as applied to mutual combat. These assignments of error, under the facts of this case, are without merit.

■ In special ground 10 exception is taken to the following excerpt from the charge to the jury: "I charge you further, gentlemen, in connection therewith, this, that before one would be warranted in taking the life of another on account of words, threats, menaces, or contemptuous gestures, it must be made to appear by some act or deed done or committed by the person killed in connection with such words, threats, menaces, or contemptuous gestures, that he had the present purpose of immediately putting into execution such words, threats, menaces, or contemptuous gestures." It is contended that this charge is a misstatement of the law, under the decisions of the Supreme Court in *Cumming* v. *State*, 99 *Ga.* 662 (2, 2a) (27 S. E. 177), and *Clay* v. *State*, 124 *Ga.* 795 (2) (53 S. E. 179). It is well settled that these decisions hold that words, threats, menaces, and contemptuous gestures made under some circumstances may be sufficient to excite the fears of a reasonable man that his life was in danger or that a felony was about to be committed upon his person, and under such circumstances, if he acted in good faith in taking the life of the deceased, he would be justified, although there was no real danger. In other words, under such circumstances an apparent necessity, if acted upon in good faith, is equivalent to a real necessity. If we understand this assignment correctly, this is the basis of the con-

tention of the accused. In this case, however, we might concede, without deciding, under the record of this case, that the plaintiff in error is correct. But since the accused was convicted of manslaughter, and the evidence sustains the verdict for that offense, the case will not be reversed on this ground. The doctrine of reasonable fears has no connection with the offense of voluntary manslaughter. If counsel for the plaintiff in error be correct in his contention, this assignment of error could, with propriety, have been urged under a conviction for murder. But the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter, the offense for which the accused was convicted. *Adkins* v. *State,* 137 *Ga.* 81 (6) (72 S. E. 897); *Rawls* v. *State,* 160 *Ga.* 605 (2) (128 S. E. 747); *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356). See *Goldsmith* v. *State,* 54 *Ga. App.* 268, 272 (187 S. E. 694), wherein the court said: "However, in any event, a refusal to charge upon a principle of law which is solely applicable to the crime of murder can not be a ground for reversing the judgment where the conviction is of voluntary manslaughter, which is tantamount to an acquittal of the charge of murder."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*