30512. CRIBB *v.* THE STATE.

DECIDED JULY 22, 1944. ADHERED TO ON REHEARING JULY 28, 1944.

*Sapp & Barnes, Lawson Kelley,* for plaintiff in error.

*John W. Bennett Jr., solicitor-general, M. L. Preston,* contra.

GARDNER, J. ■ The general grounds are to the effect that the verdict should be set aside because the evidence does not warrant a verdict for voluntary manslaughter. While we have not attempted to set out all the evidence, in our opinion we have set out a sufficiency to show that the evidence sustains the verdict for manslaughter, either under the doctrine of irresistible passion or mutual combat. It is certainly sufficient to raise a doubt as to the principle of manslaughter under either theory. In such event it was the duty of the trial judge to submit the doctrine of manslaughter and let the jury determine the issue. *Booker* v. *State,* 153 *Ga.* 117 (111 S. E. 418) ; *Drane* v. *State,* 147 *Ga.* 212 (93

S. E. 217); *Thomas* v. *State,* 51 *Ga. App.* 455 (2) (180 S. E. 760); *Gamble* v. *State,* 58 *Ga. App.* 637 (199 S. E. 662). Therefore, unless there be some reversible error under the special grounds argued, the judgment of the court overruling the motion for a new trial should be sustained. This brings us to the special grounds.

■ Special ground 4 complains because the court charged: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." Error is assigned because (a) this excerpt is not a correct exposition of the law, under the facts of this case, it being contended that the defendant killed in self-defense, under the theory of reasonable fears; and (b) because the excerpt without some immediate limitation and explanation in the charge tended to confuse the jury to the reversible injury of the defendant. It has been repeatedly held by both the Supreme Court and this court that the charge complained of is not error as applied to voluntary manslaughter. *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356). The doctrine of reasonable fears applies only to the principle of justification. Such doctrine does not apply to the offense of voluntary manslaughter. Where the defendant was tried for murder and convicted of manslaughter, the verdict of manslaughter is tantamount to an acquittal of the charge of murder. Therefore the charge complained of, if erroneous, as applied to the offense of murder, becomes harmless as applied to manslaughter. *Goldsmith* v. *State,* 54 *Ga. App.* 268, 272 (187 S. E. 694); *Gresham* v. *State,* 70 *Ga. App.* 80 (27 S. E. 463); *Hilliard* v. *State,* 71 *Ga. App.* 528 (31 S. E. 2d, 246).

■ Special ground 5 complains of the following excerpt from the charge: "Mutual combat arises where there is a mutual intention to fight—each to fight the other. If a person should kill another in his defense while engaged in mutual combat, to justify the killing it must appear that the danger was so urgent and pressing at the time of the killing that in order to save his own life the killing of the other was absolutely necessary; and also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. If one should kill another in his defense while engaged in mutual combat, and it should not appear that the danger was so urgent and pressing at the time that in order to

save his own life the killing of the other was absolutely necessary, and also that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given, the killing would not be justifiable, and the jury would be authorized to convict of voluntary manslaughter." Error is assigned on this charge on the grounds: (a) that mutual combat is not involved under the evidence or the defendant's statement; (b) that it led the jury to believe that before the defendant would be justified in the killing an actual necessity existed to take the life of the deceased to save the defendant's own life; (c) that it had the effect of excluding from the consideration of the jury the defense of the defendant to the effect that he killed the deceased under the fears of a reasonable man—that the life of the defendant was in danger, and that a felony was about to be committed upon him; (d) that the court failed to give in charge in connection therewith the law that this principle applied only in the event the jury should first determine that the defendant and the accused were engaged in mutual combat; and (e) because the charge entirely ignored the defendant's right to kill under the fears of a reasonable man.

As we have heretofore stated, voluntary manslaughter under the principle of mutual combat was involved under the evidence and the defendant's statement, and therefore the assignment of error in ground (a) is without merit. Those designated as (b), (c), (d), and (e) involve the principle of justification, and as we have hereinbefore stated, under the facts of this case and the law applicable thereto, if erroneous as contended by the defendant, which we do not decide, they are harmless as applied to the verdict for voluntary manslaughter, which in effect was an acquittal of the charge of murder. There are two classes of homicide involving voluntary manslaughter known to our law, one under the Code, § 26-1007, which is generally recognized as the taking of human life under a "sudden, violent impulse of passion supposed to be irresistible." In this class of cases the wrongful intent and purpose of the slayer and the slain are not mutual. The slain is not equally wrong with the slayer. The other class of cases involving voluntary manslaughter is founded on the doctrine of mutual intention to fight, that is, the mutual intention on the part of each to take human life, generally with deadly weapons. In the latter class of cases,

both parties are equally at fault. In both classes of cases hot blood is supposed to motivate the slayer. And in neither of them does the law exonerate or justify him. So far as mutual combat is concerned, in the case of *Powell* v. *State,* 101 *Ga.* 9, 25 (29 S. E. 309, 65 Am. St. R. 277), the Supreme Court said: "Having willingly engaged in the affray, he is in equal fault with the other, and under such circumstances it is not justifiable for him to slay his adversary without more." This is but to say that killing under such circumstances is voluntary manslaughter. A very able discussion of this question will be found in the *Powell* case. But even though one should be equally at fault in becoming engaged in mutual combat, still he may be justified in slaying his adversary provided he repents and disrobes himself of his mutual wrong. After he has done so the principles of § 26-1014 provide the standard for his conduct in order to be justified in taking human life. This section reads: "If a person shall kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." This Code section applies to justification only in cases of mutual combat as applied to murder, but has nothing to do with mutual combat as applied to voluntary manslaughter. What the courts have endeavored to do is to keep the principles and requirements of justification on the part of the slayer in this class of cases, involving mutual combat under this section, from being confused with the principles of justification under §§ 26-1011, 26-1012 and 26-1013. To this end the Supreme Court has repeatedly held that, in charging the jury with reference to justification under the doctrine of mutual combat, the jury should always be instructed that this principle of self-defense or justification should have no application unless the jury should first believe that the parties were engaged in mutual combat, that is, a mutual intention to fight to the death, generally with deadly weapons. *Powell* v. *State,* supra; *Teasley* v. *State,* 104 *Ga.* 738 (30 S. E. 938); *Pugh* v. *State,* 114 *Ga.* 16 (39 S. E. 875); *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480); *Boatwright* v. *State,* 162 *Ga.* 378 (134 S. E. 91). In all of these

cases except *Pugh* v. *State,* verdicts for murder were returned. There the reversal was based solely on the ground that the facts did not involve voluntary manslaughter, although the principle here under consideration was discussed. In *Nunn* v. *State,* 14 *Ga. App.* 695 (82 S. E. 56), this principle was also discussed, but as best we can gather the reversal of the verdict of manslaughter was based on the ground that the evidence did not involve voluntary manslaughter. The facts of the *Nunn* case distinguish it from the case at bar.

In view of the entire charge, and in view of the evidence in this case, and in view of the verdict for voluntary manslaughter only, which was authorized by the evidence, we find no reversible error for any of the reasons assigned. If the verdict had been for murder, a different conclusion might be required.

■ Special ground 8 complains because the court gave in charge the Code, § 26-1011, as related to justifiable homicide in self-defense, and § 26-1012, as related to justifiable homicide under the fears of a reasonable man, and § 26-1014, as related to mutual intention to fight (the last-mentioned section being applicable only in cases of mutual combat), in such manner as to be confusing to the jury and prejudicial to the defendant. The specific assignments under this ground are: (a) because the court failed to explain and differentiate to the jury when each separate Code section was applicable; (b) because there was no mutual combat under the evidence or the defendant's statement; (c) because there was no explanation given by the court that § 26-1014 was applicable only in cases of mutual combat; (d) because the principles of justifiable homicide as related to §§ 26-1011 and 26-1012 on the one hand, and the principle of law as to mutual combat contained in § 26-1014 on the other hand, were not differentiated by the court, but to the contrary were given in such manner as to be confusing. In view of what we have said above and the evidence and the defendant's statement, under the whole charge, these assignments of error do not require a reversal.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*