31141. PITTMAN *v.* THE STATE.

DECIDED FEBRUARY 1, 1946.

*A. H. Gray,* for plaintiff in error.

*R. A. Patterson, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The head-note is quoted from *Long* v. *State,* 68 *Ga. App.* 166 (22 S. E. 2d, 325), and the rulings in that case were based upon the decisions in *Brown* v. *State,* 10 *Ga. App.* 50 (72 S. E. 537), *Reeves* v. *State,* 22 *Ga. App.* 628 (97 S. E. 115), and *May* v. *State,* 24 *Ga. App.* 379 (100 S. E. 797). In the instant case, the defendant intro-

duced no evidence, but in his statement to the jury said: That on the afternoon of February 15, 1945, he and Hayes went to Hayes' still to make whisky. "I was getting up the wood and stuff. I was the nigger to do everything. He was running the liquor. We got three jugs near about full. He says, 'You go to the house and get a jug.' I walked to the house to get a jug. He had borrowed my gun that morning, and while I was at his house I took the gun to carry it home. When I got back to the still I laid the gun down. He says, 'What the hell did you bring a gun for?' I said, 'I am going back across the field another way home.' I was chunking some wood on the fire. He says, 'Come, pour some water.' I says, 'Wait until the old nigger gets the wood on.' I goes around and throws in some water, then I sets down by a bush. He comes around rubbing his hands. The axe was laying right out in front of me. He grabs up the axe and says, 'My old God damn nigger are you?' and he come down on me. I was leaning against the bush. He come down with the blow and knocked me in the branch. I laid there until he got through beating me. He says, 'I reckon I am through now, I done just what I intended to do.' I says, 'What you mean?' He says, 'I meant to kill you, you son . . ' He then made a move toward me and I grabbed the gun and loaded it and shot over his head. He says, 'Oh, God damn you, you haven't got another shell,' and he made for me with the axe, and when he did I shot him. That is the way it was." The jury, in the exercise of their discretion to believe any parts of the defendant's statement and to reject any other parts, could have believed that he had been knocked down and beaten by Hayes a few minutes before the homicide, and that such unprovoked attack aroused in the defendant a sudden and violent heat of passion, which caused him to shoot and kill the deceased. And the jury were further authorized to find from parts of the defendant's statement that both he and the deceased were armed with deadly weapons and were engaged in mutual combat, and that the defendant was not actuated by malice when he killed the deceased, but that the homicide was the result of the violent and sudden heat of passion aroused in him by the unprovoked assault of the deceased.

In our opinion, the verdict was authorized by the evidence and portions of the defendant's statement to the jury; and the court

did not err in instructing the jury upon the law of mutual combat and the law of voluntary manslaughter.

The overruling of the motion for a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*