32108.   WILCOX *v.* THE STATE.

Decided October 22, 1948.

*Titus & Altman,* for plaintiff in error.

*J. B. Edwards, Solicitor-General, Roy Segler,* contra.

GARDNER, J. ■ Distinguished and eminent counsel, with much earnestness, insist that the evidence involved only the offense of murder, or justifiable homicide; that voluntary manslaughter is not involved under the evidence. With this contention we can not agree. The defendant, the deceased, and the brother had a previous difficulty over the winnings at a card game. The deceased and the defendant left the scene of this difficulty, the defendant going to his home a block or more away, and arming himself with a rifle. The defendant in his statement said, "I said if you wait until I come back we will settle it." The testimony for the State is that he said, "Wait until I come back." The defendant's statement to the sheriff was that he went to his own home, got his gun, and went back to where the previous difficulty occurred because he did not propose for them to run over him. It will thus be seen that the jury were authorized to find, under the evidence and the defendant's statement, that voluntary manslaughter, under the doctrine of mutual combat, was involved. If there had been a doubt, however slight, that manslaughter was involved, it would have been the duty of the court to submit voluntary manslaughter and let the jury say whether it was murder or manslaughter, and a failure to do so, had the jury convicted the defendant of murder, would have been reversible error. See, in this connection, *Jackson v. State,*

43 *Ga. App.* 468 (159 S. E. 293), and citations. See also *Dorsey* v. *State,* 73 *Ga. App.* 271, 275 (36 S. E. 2d, 178) ; *Pittman* v. *State,* 73 *Ga. App.* 405 (36 S. E. 2d, 866). There are many other decisions to the same effect. It therefore follows that under the evidence in this case the court committed no error in submitting the law applicable to voluntary manslaughter. The evidence would authorize a verdict of manslaughter under the theory of mutual combat or the theory of aroused passions. This brings us to a discussion of the special grounds in the amended motion.

■ Special ground 1 assigns error on the ground that the court committed reversible error in submitting to the jury voluntary manslaughter. We have discussed this question under the general grounds. This ground is not meritorious.

■ Special ground 2 assigns error because the court charged the jury that "words, threats, menaces, and contemptuous gestures would in no case be sufficient to free the person killing from the guilt and crime of murder." Error is assigned on this charge because:    (a) it is unsupported by the evidence; (b) after having given this erroneous charge, the court should have, in connection therewith, charged that words, threats, or menaces might be sufficient to arouse a reasonable fear on the part of the accused that his life was in danger or that a felony was about to be committed upon him, and that if he shot under such fears, the homicide would be justified; (c) the jury should have been instructed that it was for them to say whether such words, menaces, or contemptuous gestures by the deceased were sufficient to arouse a fear on the part of the defendant that a felony was about to be committed upon him.

The charge complained of as to words, threats, and menaces was given by the court in connection with the proposition as to what would not reduce the offense from murder to manslaughter. Since the defendant was not convicted of murder, but was convicted of voluntary manslaughter, the principle urged is not applicable. *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356). It is also true that, where one is on trial for murder and convicted of voluntary manslaughter, the doctrine of reasonable fears had no application, since he has been acquitted of murder. *Booker* v. *State,* supra. See *Hilliard* v. *State,* 71 *Ga. App.* 528 (5) (31 S. E. 2d, 246).

■ Special ground 3 assigns error upon the charge of the court to the effect that, if the defendant killed the deceased when the deceased was about to commit a personal injury on the person of the defendant less than a felony, or there were other equivalent circumstances surrounding the killing to justify the excitement of passion or to exclude all idea of deliberation or malice, express or implied, the jury would be authorized to find the defendant guilty of voluntary manslaughter. This charge was a correct abstract principle of law, and was authorized under the evidence, and this ground is without merit.

■ Special ground 4 assigns error on the court's refusal to give the following written request: "An apparent necessity is equal to a real necessity." This is but the doctrine of reasonable fears, and has no application in a case of manslaughter, of which the defendant was convicted. He was acquitted of murder.

■ Special ground 5 also deals with reasonable fears and has no application to the questions before us.

The court did not err for any of the reasons assigned in the amended grounds to the original motion.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*