34775. Davis *v.* The State.

Gardner, P. J. Mary Davis was convicted of voluntary manslaughter on a murder charge. In due course she filed her motion for new trial on the general grounds and two special grounds. Special ground 1 assigns error because the court failed to submit to the jury the principle of law with reference to homicide in the commission of an unlawful act. If, in any trial, there is any evidence which raises a slight doubt as to whether any phase of manslaughter, either voluntary or involuntary, is involved, the court should submit these principles of law to the jury. See *Hagin* v. *State,* 86 *Ga. App.* 92 (70 S. E. 2d 795), and the decisions therein cited. We have studied the evidence carefully and have reached the conclusion that the court should have submitted to the jury the principle of law of involuntary manslaughter in the commission of an unlawful act aliunde of the defendant's statement. The knife or instrument used was not introduced in evidence, and the evidence does not reveal that it was a deadly weapon, although it did produce death. The knife or instrument in the instant case severed an artery. There is no evidence as to the depth of the penetration of the knife or instrument nor of the length of the wound. The defendant and his wife, who were at the time estranged, were in an altercation. This is not all the evidence bearing upon this issue, but we think it is sufficient to sustain the position of this court that the trial court committed reversible error in not submitting to the jury the principle of law on involuntary manslaughter in the commission of an unlawful act.

Special ground 2 assigns error because the trial court during the course of its charge stated that the defendant admitted that she stabbed the deceased. While this is not altogether correct as a matter of law, she did state that she was holding the knife or instrument in her hand dur-

ing the altercation, and the defendant in throwing up his hands caused the knife to penetrate his neck and sever an artery. In this connection she claimed that the penetration of the knife or instrument was an accident, and that she had no intention of killing the deceased. The court submitted the law pertaining to accident, and we do not see how this statement of the court could have influenced the jury against the defendant or misled them. Considering the charge as a whole, it was fair and full except as to the failure to charge involuntary manslaughter in the commission of an unlawful act, as complained of in special ground 1. We will not discuss the general grounds, since the case is to be tried again. The evidence may be different on another trial. The court erred in refusing to grant the motion for new trial on special ground 1.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 23, 1953.

*Hudson & LeCraw, John H. Hudson,* for plaintiff in error.
*Paul Webb, Solicitor-General, Charlie O. Murphy,* contra.