35896. DELEGAL *v.* THE STATE.

CARLISLE, J. 1. In a prosecution for murder, the State has the burden of proving the corpus delicti and that the defendant was the perpetrator of the alleged offense (*Jester* v. *State,* 193 *Ga.* 202, 17 S. E. 2d 736); but both of these elements may be shown by circumstantial evidence. *Buckhanon* v. *State,* 151 *Ga.* 827 (8) (108 S. E. 209); *Brown* v. *State,* 10 *Ga. App.* 216 (2) (73 S. E. 33).

2. In such a prosecution as indicated in division 1 the State establishes a prima facie case when it produces evidence sufficient to show that the defendant killed the deceased in the manner alleged in the indictment, and thereby shifts to the defendant the burden of going forward with the evidence to show justification or such mitigating facts as would reduce the grade of homicide from murder to a lesser offense where the State's evidence does not within itself show such justification or mitigation. *Satterfield* v. *State,* 68 *Ga. App.* 7 (21 S. E. 2d 861).

3. "Intentionally to point a pistol at another, in fun or otherwise, save in the instances excepted by the statute, is unlawful; and if, while performing such unlawful act, the pistol is accidentally discharged, the person so acting, if not guilty of murder, would be guilty of involuntary manslaughter [in the commission of an unlawful act]." *Leonard* v. *State,* 133 *Ga.* 435 (5) (66 S. E. 251).

4. Under an application of the foregoing principles of law to the facts of the present case, the evidence authorized the verdict finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act, and the trial court did not err in denying the motion for a new trial, based solely on the general grounds. From all the evidence adduced upon the trial, the defendant's statement to the jury, and the reasonable inferences to be drawn therefrom, the jury was authorized to find that the defendant and the deceased had been close friends for a number of years; that the deceased had been the defendant's employee in an illegal whisky operation; that on the day of his death the deceased had come to the defendant's confectionery shop to check in certain money with the defendant; that the defendant and the deceased laughed and joked together for a few minutes; that still laughing and joking the defendant and the deceased went into the kitchen area of the shop, which was separated from the remainder of the shop by a thin "beaverboard" partition about seven feet high; that as the defendant and the deceased went into the kitchen area to check in the money, the defendant took his pistol from a shelf in the shop and followed the deceased; that the defendant and the deceased continued to laugh and joke after they had entered the kitchen area as they were heard doing so by customers in the shop until suddenly a pistol shot was heard in the kitchen area and the defendant ran into the shop saying that he had just shot his best friend and asked one of the customers to telephone for an ambulance and the police; that one of the customers entered the kitchen area and saw the deceased lying upon the floor dead; that the defendant surrendered voluntarily to the police and handed over the pistol; that the defendant and the deceased were men of approximately the same height; that as the deceased was standing removing money from his pocket, the pistol, which was in the defendant's hand, fired, striking the deceased squarely between the eyes and killing him almost instantly; that although the defendant gave conflicting accounts of how the homicide had occurred, he had no intention of killing the deceased, but that due to the nature and position of the wound and the relative positions of the defendant and the deceased just prior to the firing of the pistol, the defendant must necessarily have been pointing the pistol at the deceased at the time it was fired, and that consequently the defendant killed the deceased in the commission of an unlawful act making him guilty of involuntary manslaughter.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 14, 1955.

*Emanuel Lewis, Lewis, Wylly & Javetz, D. S. Bracker,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.