36607. SOUTHERN GAS COMPANY, INC. *v.* McALLUM.

DECIDED APRIL 15, 1957.

526

528

530

*Blount & Gibson*, for plaintiff in error.

*Ewing & Williams*, contra.

GARDNER, P. J. ■ The evidence is sufficient to sustain the verdict as to the general grounds.

■ Special ground 1 assigns error because it is contended that the court erred in admitting into evidence, over objections, certain testimony offered by the plaintiff, the plaintiff himself testifying on cross-examination as follows: "In order to make this ground complete and understandable within itself, movant shows that E. L. McAllum testified, in substance, as follows: That the service man (Taylor) arrived around three o'clock; that the barn began to burn around four o'clock; that his conversation with Mr. Taylor was at around four-thirty; that this conversation took place at his (McAllum's) house; that his (McAllum's) house was located about 300 yards from the barn; that, at the time of such conversation, the barn was still burning, but that everybody had given up; that there wasn't anything that could be done for the burning, and there was nothing could be done to save the barn. In this connection, movant further shows that Ted McAllum testified, in substance, as follows: That the service men (Taylor and Blair) arrived around two o'clock; that they did certain enumerated work on the system; that they started to leave and, as they left, the barn was discovered to be on fire; that the barn caught fire around 2:30 o'clock; that they returned to the barn and removed a plow and a few sticks of tobacco from under the barn; that they then came up to E. L. McAllum's house. In this connection, movant further shows that J. W. Taylor testified, in substance, as follows: That he, along with Blair, came to the barn in response to a call; that he checked the pressure on the system, that thereafter he made several trips back into the barn to see if the tempera-

ture was climbing; that about 45 minutes after his last trip into the barn, they were leaving when the barn was discovered to be on fire; that they returned and saved some sticks from under the barn; that they were there about two hours. In this connection, movant further shows that Byrd Blair testified, in substance, as follows: 'That they (he and Taylor) were at the barn an hour and a half or two hours.' "

It is contended that it was erroneous for the court to deny the motion to exclude the testimony and thus to allow the same to remain before the jury. The motion contends further: "Movant avers that the inadmissibility of such evidence was beyond doubt; that such evidence was hearsay and not within any exception to the hearsay rule; and that such evidence was material, prejudicial, and hurtful to movant for the reason that the alleged statement related directly to the matters in issue (that is to say, the acts of defendant's agent, the cause of the fire, and the causal relation, if any, between such acts and such cause), and such statement was such that it might have been construed by the jury as an admission by Taylor that he was negligent and that such negligence caused the fire. Wherefore, movant avers that said testimony illegally remained before the jury, tended to prejudice the minds of the jury against movant and was therefore highly prejudicial to movant's cause in said trial, and that a new trial should therefore be granted."

Special ground 2 assigns error because it is contended that the court erred in admitting into evidence, over objections, certain testimony of the plaintiff himself as follows: ". . . he guessed, was probably what set it afire." The motion to exclude the testimony was denied and the testimony allowed in evidence. The defendant contends that this evidence was a conclusion on the part of the plaintiff, with nothing upon which to base it; that the evidence was prejudicial and hurtful to the defendant for the reason that it allowed the jury to consider an alleged opinion or conclusion expressed extra-judicially without disclosing the basis of facts, and the opinion or conclusion might have been construed by the jury as an admission that the defendant's agents had caused the fire, which was the basis of the suit; and further that the testimony tended to

prejudice the minds of the jury against the defendant, and was highly prejudicial to the defendant's cause.

Counsel for the defense argue extensively as to the admissibility of the alleged declarations of the agent Taylor. Both special grounds go to this point, so we will treat the two grounds together. The plaintiff repeated the conversation had with the agent Taylor. The agent Taylor had qualified himself as an expert and stated: "I am service and installation man, and have been doing that work going on three years . . . I don't mean to say that I know more about curing tobacco than Mr. McAllum does, but the training they give us, we know more about the burners than he do, because that is what they trained us for. . . Those who taught me know more about the burners than he does. I would be capable of working on the burners." While the agent was still on the premises, after having arrived at the tobacco barn to service the burners, the declarations were made to the plaintiff. We now consider their admissibility. Counsel for the defense cites *Griffin* v. *Montgomery & W. P. R. Co.*, 26 *Ga.* 111, in support of the contention of inadmissibility. We examined the original record in that case and find that the incident which was the basis of the cause of action in that case happened on November 22, 1855. The declarations were made "the last month of 1855 or the first of 1856." The time element is not conclusive as to whether or not an admission is part of the res gestae. There are other elements, such as in order for an admission of an agent to be binding on a principal the sayings of the agent must relate to the business intrusted to him and to the time while so employed and excludes his sayings as to past transactions. In the instant case the statement of the agent relates to the *identical transaction in controversy*. Counsel cites *Atlanta & LaGrange R. Co.* v. *Hodnett*, 29 *Ga.* 461 (3). At page 469 of that case it is stated that admissions of an agent while he is doing the work of his principal and concerning the work of the principal are admissible and are part of the res gestae. That principle of law applies in the instant case although the facts of that case are different from the facts of the instant case. It follows that the decision in that case is not binding as a cause for reversal of the instant case. In *Sweet Water*

*Manufacturing Co.* v. *Glover,* 29 *Ga.* 399, cited by the defendant, it appears that the agent of the company did not have authority to bind the company for physician's fees and that the agent was without the scope of authority to bind the company for fees, inasmuch as the fees of the physician and declarations made later regarding promises relating thereto were made by the agent and he had no business to make the declarations on behalf of the principal. That case has no application to the facts of the instant case. The declarations made in *Miller & Co.* v. *McKenzie,* 126 *Ga.* 746, 749 (55 S. E. 952) were not made during the transaction involved and "not in any sense made during its progress. They were not made dum fervet opus. They were not a part of the res gestae." *A. K. Adams & Co.* v. *Homeyer,* 87 *Ga. App.* 301 (73 S. E. 2d 581) is not binding upon this court because the facts are not similar to the facts of the instant case. However we think the principle of law is well expressed regarding admission of declarations on page 303 of that decision, as follows: "The question of whether a given declaration is a part of the res gestae is for the determination of the court and within its sound discretion (*Southern Railway Co.* v. *Brown,* 126 *Ga.* 1 (3), 54 S. E. 911)." It is true that cases involving executives of companies stand on a different basis. See *Krogg* v. *Atlanta & W. P. R.,* 77 *Ga.* 202 (4 Am. St. R. 77) and *Baker* v. *Lowe Electric Co.,* 47 *Ga. App.* 259 (170 S. E. 337). Note the principle of law expressed in *Western & A. R. Co.* v. *Beason,* 112 *Ga.* 553, 557 (37 S. E. 863) wherein it is stated: "In determining whether declarations should be received as a part of the res gestae of an occurrence, the mere question of the lapse of time is not controlling. The real test is: Were the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past? See *Augusta R. R. Co.* v. *Randall,* 79 *Ga.* 304 [4 S. E. 674]; *Savannah Ry. Co.* v. *Holland,* 82 *Ga.* 257 [10 S. E. 200]; *Poole* v. *Railway Co.,* 92 *Ga.* 377 [17 S. E. 267]; *Roach* v. *Railroad Co.,* 93 *Ga.* 785 [21 S. E. 67]; *Electric Ry. Co.* v. *Carson,* 98 *Ga.* 652 [27 S. E. 156]; *Weinkle* v. *Railroad Co.,* 107 *Ga.* 367 [33 S. E. 471]; *Howard* v. *State,* 109 *Ga.* 137, 141 [34 S. E. 330]."

The facts of that case are different and are not binding as a cause for reversal of the instant case. In *Travelers Insurance Co.* v. *Sheppard*, 85 *Ga.* 751 (12 S. E. 18) the admissions were made by parties having a common interest in the outcome of the case. In that case the Supreme Court said (p. 775): "What the law altogether distrusts is not after-speech but after-thought." The admissions of the agents in the instant case were under circumstances far removed from the admissions in the case immediately hereinbefore cited. In *Savannah, Florida & Western Ry. Co.* v. *Holland*, 82 *Ga.* 257, 267 (10 S. E. 200, 14 Am. St. R. 158) the court stated: "It is manifest that the act by which the plaintiff was injured had completely terminated before his declarations were made, and that they were no accompaniment of the same. Were they so connected with it in time as to be free from all suspicion of device or after-thought? He had turned his attention from the act to measures looking to his own safety and comfort. He had certainly occupied his thoughts with something besides the facts and circumstances to which his declarations related. He had full opportunity, although no doubt under great suffering, to devise a story in his own interest, and there is no reason for concluding that he did not have capacity to take advantage of his opportunity." This brief statement of fact takes the case out of the scope of the case at bar. In *Weinkle & Sons* v. *Brunswick & Western R. Co.*, 107 *Ga.* 367 (3) (33 S. E. 471), testimony of the engineer of the railroad company was erroneously admitted, but there the facts are not analogous to the facts of the instant case, and therefore not binding as authority. There are other cases cited by counsel for the defense but they, too, are not in point.

The provisions of the Code sections are that declarations shall be admissible in evidence as part of the res gestae if such declarations accompany an act, or are so connected therewith in time as to be free from all suspicion of device or afterthought. We think the admissions in the instant case fit the provisions of the Code sections. Counsel for the plaintiff cite *William Hester Marble Co.* v. *Walton*, 22 *Ga. App.* 433 (5) (96 S. E. 269) wherein this court held: "An admission made through an agent, during the existence and in pursuance of his power, is

no less evidence against the principal than if made by the principal in person. . . Furthermore, if the admission accompany the agent's act, or is so nearly connected therewith in time as to be free from all suspicion of device or afterthought, it is admissible in evidence as part of the res gestae." In *Alvaton Mercantile Co. v. Caldwell*, 34 *Ga. App.* 151 (7, 8) (128 S. E. 781) this court held: "The rule contemplates that all the res gestae, including declarations forming part thereof, must transpire within the present time of the transaction. But that time, while it cannot be less, may be more extended than the present of the principal fact, in some instances a little, in others much, and in others very much more. Usually if they can all be ascertained, some of the res gestae will be found simultaneous with, and some anterior and others posterior to the principal fact. . . These surrounding circumstances constituting a part of the res gestae may always be shown to the jury along with the principal fact; and their admission is determined by the judge, according to the degree of their relation to that fact, *and in the exercise of his sound discretion*, it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description." The admission of the declarations of which complaint is made in these special grounds shows no reversible error.

Under the pleadings and the evidence, it was not erroneous for the court to deny the motion for judgment notwithstanding the verdict, nor was it erroneous to overrule the demurrers.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*