### 45335. McKINNEY v. THE STATE.

EVANS, Judge. The defendant was indicted for murder, was convicted of voluntary manslaughter and was sentenced to serve six years in the penitentiary. The appeal is from the judgment and sentence based upon errors enumerated on (1) allowing the district attorney to question members of the jury panel prior to their selection, concerning their possible prejudice toward the deceased and for excusing any jurors for that reason; (2) certain hearsay testimony allowed in evidence; (3) certain instructions submitted to the jury on conspiracy, assault and voluntary manslaughter alleged to be erroneous; (4) failure to charge on the law of involuntary manslaughter, and failing to define and give examples of felony and felonious assault in connection with the charge on justifiable homicide; and (5) that the evidence was insufficient to support the verdict. *Held:*

1. The record and transcript being incomplete concerning the questions allegedly propounded to a juror or jurors, and the reasons why any were excused, the answers to those questions not being apparent, and no effort having been made under *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24) to

complete the record as to the questioning of prospective jurors before trial, the errors enumerated thereon cannot be considered and are not meritorious.

2. At the time the deceased was shot, and immediately after the witness heard the gunshot, he testified that the deceased cried out "Junior, they done shot me." These remarks, made by the deceased at the time of the shooting, would be a part of the res gestae and so connected with the alleged crime as to be admissible evidence as a part thereof. See *Code* § 38-305; *Southern Gas Co. v. McAllum,* 95 Ga. App. 525 (98 SE2d 397); *Ayers v. State,* 215 Ga. 325 (110 SE2d 669); *Augusta Factory v. Barnes,* 72 Ga. 217 (5) (53 AR 838).

3. The written requests to charge being either inaccurate, inapt, incorrect, argumentative, or covered in the charge as given by the trial court, the court did not err in not giving the instructions as requested. There is no merit in the enumerations of error complaining thereof.

4. There being evidence, both direct and circumstantial, of a conspiracy to do an unlawful act, that is, the defendant and his co-defendant testified that they made an assault upon the homosexuals by shooting in their general direction, not to hurt them but to frighten them and make them run, the court was authorized to charge on conspiracy, and there is no merit in the error enumerated on this portion of the charge.

5. The enumeration as to the charge on assault is not meritorious for the reasons stated above. See *Crumbley v. State,* 61 Ga. 582, 584; *Hart v. State,* 55 Ga. App. 85 (2) (189 SE 547); *Nelson v. State,* 92 Ga. App. 738 (90 SE2d 38).

6. The defendant having admitted in his sworn testimony that he fired the pistol several times at the deceased to scare him but that the co-defendant shot him, the jury was entitled to believe that the appellant fired the fatal shot. The jury was not required to accept the co-defendant's testimony that he fired the fatal shot. There was also evidence of conspiracy sufficient to authorize the charge of voluntary manslaughter since the deceased was attacking the defendant at that time. If there is any doubt, however slight, as to whether the offense was that of murder or voluntary manslaughter, it is the duty of the court to submit the law of both murder and manslaughter to the jury for its determi-

nation as to the grade of the homicide. *Wilcox v. State*, 77 Ga. App. 786, 789 (50 SE2d 29); *Harris v. State*, 77 Ga. App. 842, 843 (50 SE2d 152). See also *McDonald v. State*, 23 Ga. App. 125 (4) (97 SE 556).

7. However, since both the defendant and his co-defendant (or co-conspirator) admitted they shot at the deceased merely to scare him and make him run, thereby committing an unlawful act without intending to kill, the charge of involuntary manslaughter should have been given. The court erred in failing to charge the law of involuntary manslaughter found in *Code* §§ 26-1009, 26-1010. *Hagin v. State*, 86 Ga. App. 92 (70 SE2d 795); *Davis v. State*, 88 Ga. App. 795 (78 SE2d 71); *Delegal v. State*, 92 Ga. App. 744 (3) (90 SE2d 32); *Cook v. State*, 93 Ga. 200 (18 SE 823). The enumerated error complaining of the failure to charge is meritorious requiring a new trial.

8. There being no written request to charge on the definition and examples of felony and felonious assault in connection with the charge on justifiable homicide, and the charge being otherwise correct, the court did not err in failing to charge thereon. The evidence was sufficient to support the verdict and there is no merit in any of the errors enumerated that the verdict and judgment was contrary to the evidence, or without evidence to support it, nor did the court err in refusing to direct a verdict. See *Johnson v. State*, 69 Ga. App. 663 (26 SE2d 482).

For reasons stated in Headnote 7 above, the judgment is

*Reversed. Hall, P. J., and Deen, J., concur.*

ARGUED MAY 6, 1970—DECIDED MAY 26, 1970.

*L. Z. Dozier*, for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty*, for appellee.